# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID BRUCE BOWNE,

        Defendant-Appellant.

UNPUBLISHED
October 21, 2014

No. 316283
Muskegon Circuit Court
LC No. 12-062777-FH

Before: SAAD, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Defendant appeals his jury trial conviction of first-degree criminal sexual conduct pursuant to MCL 750.520d(1)(a). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

The prosecution charged defendant with sexually molesting his girlfriend's son over a period of many years, in violation of MCL 750.520d(1)(a).[1] After a trial in the Muskegon Circuit, which included testimony from an expert witness and the victim, a jury convicted defendant of the offense. On appeal, defendant argues that: (1) his right to a fair trial was violated by the testimony of an expert witness; and (2) he received ineffective assistance of counsel.

## II. ANALYSIS

### A. EXPERT WITNESS TESTIMONY[2]

Defendant says that the testimony of a social worker, who was admitted as an expert witness, denied him a fair trial because it: (1) violated MRE 702's reliability requirement; and

---

[1] Though they were not legally married, defendant lived in the same house as his girlfriend and the victim, and the victim considered him his stepfather.

[2] We review a trial court's decision to admit or exclude expert testimony for an abuse of discretion. *People v Dobek*, 274 Mich App 58, 93; 732 NW2d 546 (2007).

(2) impermissibly vouched for the credibility of the victim.

## 1. MRE 702

MRE 702 permits the testimony of expert witnesses in circumstances where "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact act issue." In most cases, as part of its role in admitting experts under MRE 702, the trial court must make "a searching inquiry" of the expert's testimony, "not just of the data underlying expert testimony, but also of the manner in which the expert interprets and extrapolates from those data." *Gilbert v DaimlerChrysler Corp*, 470 Mich 749, 782; 685 NW2d 391 (2004). In child sexual abuse cases, however, MRE 702 is not applicable to experts who testify on "syndrome evidence,"[3] "so long as the purpose of the evidence is merely to offer an explanation for certain behavior" by the victim, such as delaying report of the molestation. *People v Beckley*, 434 Mich 691, 721; 456 NW2d 391 (1990) (opinion of BRICKLEY, J.).[4] This is because:

> The ultimate testimony received on syndrome evidence is really only an opinion of the expert based on collective clinical observations of a class of victims. Further, the issues and the testimony solicited from experts is not so complicated that jurors will not be able to understand the "technical" details. The experts in each case are merely outlining probable responses to a traumatic event. It is clearly within the realm of all human experience to expect that a person would react to a traumatic event and that such reactions would not be consistent or predictable in all persons. Finally, there is a fundamental difference between techniques and procedures based on chemical, biological, or other physical sciences as contrasted with theories and assumptions that are based on the behavioral sciences. [*Id.*[5]]

---

[3] "Syndrome evidence is not a technique or principle that can predict abuse, but merely an expert's opinion that explains and describes probable responses to a traumatic event." *People v Peterson*, 450 Mich 349, 365; 537 NW2d 857 (1995).

[4] We note that the case law standards on the admissibility of expert testimony have changed since *Beckley* was decided—the current, amended version of MRE 702 now uses the standard articulated in *Daubert v Merrell Dow Pharmaceuticals, Inc*, 509 US 579; 113 S Ct 2786; 125 L Ed 2d 469 (1993) instead of the earlier standard advanced in *People v Davis*, 343 Mich 348; 72 NW2d 269 (1955) and *Frye v United States*, 293 F 1013 (DC Cir 1923). *Gilbert*, 470 Mich at 781. This change, however, has no applicability to our analysis or this case, because the trial court's "gatekeeper" role in admitting expert evidence is the same under either standard. *Gilbert*, 470 Mich at 782.

[5] See also *People v Bailey*, unpublished opinion per curiam of the Court of Appeals, issued October 15, 2009 (Docket No. 285638), pp 2–4., lv den 485 Mich 1129 (2010). Unpublished opinions are not binding, but may be persuasive. *People v Green*, 260 Mich App 710, 720 n 5; 680 NW2d 477 (2004).

Here, in contravention of the above, defendant argues that the testimony of an expert witness on "syndrome evidence" violated MRE 702's reliability requirement. As noted, the expert witness's testimony would be admissible even if it did not meet MRE 702's reliability requirement, because it was on "syndrome evidence"—i.e., her testimony was based in behavioral science and intended to explain why the victim did not immediately report to the authorities that defendant had molested him. And, again, the behavioral sciences—and, specifically, the study of child sexual abuse—are recognized fields of practice under MRE 702. *Peterson*, 450 Mich at 362–363; *Beckley*, 434 Mich at 718. Plaintiff's argument that the expert witness's testimony was unreliable in violation of MRE 702 is therefore without merit.

## 2. THE CREDIBILITY OF THE VICTIM

In cases involving sexual abuse, "(1) an expert may not testify that the sexual abuse occurred, (2) an expert may not vouch for the veracity of a victim, and (3) an expert may not testify whether the defendant is guilty." *Peterson*, 450 Mich at 352. Here, defendant unconvincingly claims that many statements made by the expert witness impermissibly vouched for the credibility of the victim.[6] None of the testimony of which he complains confirmed "that the sexual abuse occurred," nor did it "vouch for the veracity of a victim" or specify that "defendant is guilty." And some of the expert witness testimony took place during cross examination—meaning that "it was defense counsel who opened the door to this line of questioning and who elicited this response from the testifying expert." *Beckley*, 434 Mich at 732. Defendant has thus failed to establish plain error affecting his substantial rights, and his assertions have no merit. *People v Carines*, 460 Mich 750, 763–764; 597 NW2d 130 (1999).

## B. ASSISTANCE OF COUNSEL

Effective assistance of counsel is presumed and defendant bears a "heavy burden" to show otherwise. *People v Carbin*, 463 Mich 590, 599; 623 NW2d 884 (2001). To receive a new trial "on the basis of ineffective assistance of counsel, a defendant must establish that:

> . . . counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. [*People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012) (quotation marks omitted).]

Here, defendant argues that his trial attorney gave him ineffective assistance when she did not: (1) object to the victim's testimony on defendant's alleged acts of anal sex with him that

---

[6] Because defendant failed to object to any of the statements of which he now complains at trial, they are thus reviewed as an unpreserved issue, for plain error that affected defendant's substantial rights. *People v Carines*, 460 Mich 750, 763–764; 597 NW2d 130 (1999).

occurred after he was 16 years old; and (2) call defendant as a witness.[7]

### 1. VICTIM'S TESTIMONY ON MOLESTATION

MCL 768.27a states that:

(1) . . . in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant. . . . .

(2) As used in this section:

(a) "Listed offense" means that term as defined in section 2 of the sex offenders registration act, 1994 PA 295, MCL 28.722.

(b) "Minor" means an individual less than 18 years of age. [MCL 768.27a.]

Sodomy is a "listed offense" under MCL 768.27a, because it is included as a "term as defined in section 2 of the sex offenders registration act."[8] To the extent that MCL 768.27a conflicts with MRE 404(b), MCL 768.27a, as a statute, takes precedence and supersedes MRE 404(b). *People v Watkins*, 491 Mich 450, 496; 818 NW2d 296 (2012). If the evidence in question is admissible, counsel cannot be held ineffective for not objecting to its admission. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Here, defendant wrongly asserts that his trial attorney gave him ineffective assistance when she did not object to the victim's testimony on defendant's acts of anal sex with the victim after the victim had turned 16. The evidence demonstrated that defendant induced the victim to engage in anal sex at that time. Defendant accordingly engaged in sodomy in violation of MCL 750.158, which means he committed a "listed act" under MCL 768.27a. The evidence that defendant engaged in anal sex with the victim was relevant for numerous reasons. It was "highly probative of defendant's propensity for sexually assaulting [the victim.]" *People v Buie (On Remand)*, 298 Mich App 50, 73; 825 NW2d 361 (2012). In general, it bolstered the victim's credibility. *Watkins*, 491 Mich at 492 n 92. The victim's testimony regarding the anal sex was therefore properly admissible under MCL 768.27a.[9] Because the evidence was admissible,

---

[7] In his standard 4 brief, defendant has compiled an exhaustive list of other incidents in which he believes his trial counsel was ineffective. These claims are completely frivolous, and we therefore do not address them at length in the opinion.

[8] Specifically, MCL 28.722(t)(*v*) includes MCL 750.158 in its listed acts, and MCL 750.158 prohibits sodomy.

[9] We also note that the victim's testimony on anal sex was admissible under MRE 403, because its probative value was not outweighed by the danger of unfair prejudice. Both the victim's testimony and the charged offenses involved defendant repeatedly initiating sexual contact with a minor who was under his control and alone. The charged conduct took place over a three-year

defense counsel acted properly by declining to make a frivolous objection. *Ericksen*, 288 Mich App at 201.

## 2. DEFENDANT AS WITNESS

"[T]here is no requirement in Michigan that there be an on-the-record waiver of a defendant's right to testify." *People v Harris*, 190 Mich App 652, 661; 476 NW2d 767 (1991). "The decision to call or not call the defendant to testify is a matter of trial strategy." *People v Alderete*, 132 Mich App 351, 360; 347 NW2d 229 (1984). Defense counsel has wide discretion as to matters of trial strategy because counsel may be required to take calculated risks to win a case. *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012).

Here, defendant unconvincingly claims his defense attorney gave him ineffective assistance when she did not call him as a witness. Defendant fails to explain exactly what his testimony would have contained—meaning that he has failed to provide any factual support for his claim that defense counsel acted unreasonably in not calling him to testify. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). In fact, given defense counsel's argument at trial—which, again, involved casting doubt on the victim's credibility—defendant's testimony would have merely set up a credibility contest with the victim. Such a contest likely would have been futile, because it is "a well established rule that a jury may convict on the uncorroborated evidence of a CSC victim." *People v Lemmon*, 456 Mich 625, 642 n 22; 576 NW2d 129 (1998). Accordingly, defendant has failed to show that his lawyer's "representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Vaughn*, 491 Mich at 669 (quotation marks and footnotes omitted).[10]

Affirmed.

/s/ Henry William Saad
/s/ Peter D. O'Connell
/s/ Christopher M. Murray

---

period, and the anal sex occurred multiple times soon after. And defendant's main argument at trial was that the abuse did not happen and that the victim lacked credibility—an argument that the evidence of anal sex directly countered.

[10] Defendant also argues that the trial court abused its discretion in denying his motion for a new trial and motion for hearing as outlined in *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973). Because (1) defendant's arguments are without merit and (2) the record was sufficient to evaluate defendant's ineffective assistance claims, the trial court did not abuse its discretion when it denied both motions.