# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
March 10, 2015

v

DEVIN ANDREW SPICER,

Defendant-Appellant.

No. 319520
Huron Circuit Court
LC No. 13-305675-FH

Before: GLEICHER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

A jury convicted defendant of larceny in a building, MCL 750.360, for stealing a cell phone at a bowling alley. Defense counsel failed to meaningfully object when the prosecutor stated his intent to present evidence of defendant's prior convictions of "breaking and entering with intent" in order to impeach defendant's claim that he innocently possessed the phone. Our record review establishes that counsel's chosen defense strategy was not deficient. We therefore affirm.

## I. BACKGROUND

On February 23, 2013, the victim visited a bowling alley to play pool. When she returned home, she realized she did not have her cell phone. The victim retraced her steps but could not find her phone and no one had turned it in.

It is undisputed that defendant found the victim's cell phone and did not turn it over to bowling alley staff. Defense witnesses testified that defendant unsuccessfully attempted to find the phone's owner by searching the phone's contents and calling individuals in the contact list. Defendant took the phone when he left the bowling alley and admittedly removed the SIM card. Defendant's mother testified that defendant gave her the SIM card so she could search its contents and try to identify the phone's owner. She further indicated that she had previously warned defendant against giving found items to bar staff. Ultimately, witnesses directed the investigating officers to defendant and he gave them the phone. The SIM card was missing when the phone was returned to the victim.

Prior to trial, the prosecutor filed a motion pursuant to MRE 609 to impeach any testimony defendant might provide with three prior convictions of "breaking and entering with intent." These particular offenses, the prosecutor avowed "contain[ed] an element of theft and

-1-

had entered less than a year before the current offense. Defense counsel's sole response at the hearing was to "[m]erely object for the record." The court granted the prosecutor's motion. Defendant subsequently failed to testify at trial, however, and the convictions were never presented to the jury. Even without that evidence, the jury convicted defendant as charged.

Defendant appealed as of right, and this Court remanded for a *Ginther*[1] hearing to determine whether defendant was denied effective assistance of counsel. *People v Spicer*, unpublished order of the Court of Appeals, entered June, 5, 2014 (Docket No. 319520). Defendant's trial attorney, Gerald Prill, testified that he had discussed several issues with his client, including whether defendant wanted to testify. While Prill did not indicate whether defendant chose not to testify, Prill did claim that he incorporated defendant's wishes in this regard into his trial strategy. That strategy was to focus on what defendant's actions indicated about his intent. As a result, counsel explained, he did not legally or factually support a challenge to the admission of this evidence. On cross-examination, defense counsel conceded that the prior offenses involved an element of theft and therefore could be admissible under MRE 609. At the conclusion of the hearing, the trial court found that defendant did not wish to testify at trial. It also deemed appropriate the strategy employed by defense counsel.

## II. ANALYSIS

Defendant contends that the trial court abused its discretion in ruling that the prior convictions could be admitted under MRE 609. The result of the court's decision, defendant argues, was to force defendant to choose not to testify on his own behalf. Defendant further asserts that counsel was defective for failing to more forcefully challenge the admission of the prior conviction evidence and to protect his right to testify. Accordingly, the court should have granted a new trial after the *Ginther* hearing, defendant concludes. None of these challenges warrant relief.

In order to preserve for review the issue of improper impeachment by prior convictions, a defendant must testify at trial. The failure to testify resulted in the *waiver*, rather than forfeiture, of this issue. *People v McDonald*, 303 Mich App 424, 431-433; 844 NW2d 168 (2013), lv den 497 Mich 887 (2014). We are thereby left to consider counsel's conduct alone.

The right to the effective assistance of counsel is guaranteed by the United States and Michigan constitutions. US Const Am VI; Const 1963, art 1, § 20; *United States v Cronic*, 466 US 648, 654; 104 S Ct 2039, 80 L Ed 2d 657 (1984); *People v Swain*, 288 Mich App 609, 643; 794 NW2d 92 (2010). "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "Findings on questions of fact are reviewed for clear error, while rulings on questions of constitutional law are reviewed de novo." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). "[A]n appellate Court will only determine that a trial court's finding is clearly erroneous when, after a review of the entire record, it is left with the definite

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

and firm conviction that the trial court has made a mistake." *People v Gioglio*, 296 Mich App 12, 20-21; 815 NW2d 589 (2012).

"Effective assistance of counsel is presumed, and a defendant bears a heavy burden to prove otherwise." *Swain*, 288 Mich App at 643. "To prove a claim of ineffective assistance of counsel, a defendant must establish that counsel's performance fell below objective standards of reasonableness and that, but for counsel's error, there is a reasonable probability that the result of the proceedings would have been different." *Id.*

The defendant must overcome the additional presumption that counsel's decisions were sound trial strategy. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Counsel enjoys great discretion in matters of trial strategy and tactics. *People v Pickens*, 446 Mich 298, 330; 521 NW2d 797 (1994). "A defendant's decision whether to testify on his own behalf is an integral element of trial strategy. For a variety of reasons, many defendants, under the advice of counsel, do not take the stand, presumably concluding that the advantages of doing so would be outweighed by the disadvantages." *People v Toma*, 462 Mich 281, 304; 613 NW2d 694 (2000). And the failure to call a witness, including the defendant, "only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012) (quotation marks and citation omitted).

It is clear from Prill's testimony at the *Ginther* hearing that defendant personally chose not to testify at trial. This was a reasonable strategy given that four defense witnesses testified regarding defendant's actions to find the phone's owner. Had defendant taken the stand, he would have opened the door to impeachment on the details of his story. For example, the prosecutor could have questioned why defendant turned over the phone without the SIM card, or challenged the veracity of defendant's claim that no one on the victim's contact list was able to provide assistance in locating the phone's owner.

Moreover, it is possible that any objection to the prosecution's motion would have been futile. MRE 609(a)(2) permits the admission for impeachment purposes of evidence that the defendant had been convicted of a "crime contain[ing] an element of theft," if the offense is "punishable by imprisonment in excess of one year" and its probative value outweighs its prejudicial effect. We cannot discern from the record whether evidence of defendant's prior breaking and entering convictions would have been excluded on prejudice grounds. Yet, the decision not to take the stand in the face of such evidence would have been reasonable. Defendant would be required to convince the jury of his good intentions despite his history of larcenous crimes.

In any event, defendant's failure to take the stand did not deprive him of a substantial defense. As defendant actually possessed the victim's phone, the only defense was to establish that he had no intention to steal it. The testimony of the defense witnessed adequately supported that defense. Defendant's testimony regarding his intentions would have been cumulative.

Accordingly, we discern no error in the trial court's decision to deny defendant's motion for a new trial following the *Ginther* hearing.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood