# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ORLANDO DEMETRIUS MITCHELL,

Defendant-Appellant.

UNPUBLISHED
February 16, 2016

No. 324426
Kalamazoo Circuit Court
LC No. 2014-000565-FC

Before: MURPHY, P.J., and WILDER and BORRELLO, JJ.

PER CURIAM.

Following a jury trial, defendant Orlando Demetrius Mitchell was convicted of second-degree murder, MCL 750.317; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced to 18 to 45 years' imprisonment for his second-degree murder conviction and to two years' imprisonment for his felony-firearm conviction. The sentences are consecutive, and the felony-firearm sentence is preceding the second-degree murder sentence. Defendant appeals as of right, and for the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This appeal arises from a fatal shooting that occurred at the Wayside West and the Y-bar in Kalamazoo, Michigan. Defendant had worked at the bar complex as a bouncer and as a bartender. On April 16, 2014, defendant was working as a bartender when he and the victim, Damian Tejada, engaged in a verbal altercation. According to defendant, he and the victim had difficulties in the past while defendant was working as a bouncer. Into the early morning hours of April 17, following the verbal altercation between defendant and the victim, defendant left the bar and testified that he went to his car where he retrieved a handgun. According to witness testimony, defendant left the bar area, and approached the victim in a "menacing" manner. As defendant approached the victim and words were exchanged, the victim took his beer bottle and slammed it into the head of defendant. Witnesses further testified that defendant then pulled out his gun and began pursuing the victim through the complex while firing shots. As the victim ran into the poker room, testimony revealed that defendant stood over the victim and "emptied his gun."

Defendant testified that he shot the victim in self-defense. Specifically, defendant stated that in one of his earlier encounters with the victim, the victim threatened to shoot up the bar

-1-

complex. Defendant testified that he asked a bouncer to eject the victim, which led to the victim taking a beer bottle and smashing it into defendant's forehead. Concerned over the safety of himself and the bar patrons, defendant testified that he then reached into his pocket for his gun as defendant was fearful that the victim would carry out his threat. Defendant further testified that because of the blood flowing from his forehead he was not able to see so he kept shooting to "defend [his] life and defend [his] job and the people" that were at the bar complex.

A forensic examination of the body revealed that the victim had suffered from seven gunshot wounds, the cause of death being ruled a homicide. The forensic pathologist could not ascertain exactly which gunshot wound was the cause of death.

The State argued for a conviction of first-degree murder. The jury convicted defendant of second degree murder and felony firearm. Defendant was sentenced as indicated above, and this appeal then ensued.

## II. ANALYSIS

## A. INEFFECTIVE ASSISTANCE OF COUNSEL

On appeal, defendant asserts a myriad of rationale for this Court to conclude his trial counsel was ineffective. We have reviewed all of his claims, and for the reasons set forth below, find them all to be without legal merit.[1] The questions presented by a claim of ineffective assistance of counsel are mixed questions of law and fact; findings of fact by the trial court, if any, are reviewed for clear error, and questions of constitutional law are reviewed de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Where no *Ginther*[2] hearing was conducted, this Court's review is limited to mistakes apparent on the record. *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000). To establish a claim of ineffective assistance of counsel, a defendant must show two requirements: (1) "his attorney's performance fell below an objective standard of reasonableness," and (2) "this performance so prejudiced him that he was deprived of a fair trial." *People v Grant*, 470 Mich 477, 485-486; 684 NW2d 686 (2004).

Defendant's first claim of ineffective assistance of counsel rests on defendant's assertion that trial counsel failed to seek a plea offer. "[A]s at trial, a defendant is entitled to the effective assistance of counsel in the plea-bargaining process." *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014). "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent [representation]." *Lafler v Cooper*, ___

---

[1] We do not consider defendant's assertion that trial counsel failed to investigate this case because in his brief, defendant fails to provide any support for such a claim. Rather, defendant merely sets forth a string of legal citations with no factual support or reference to the record. Therefore, we deem this argument abandoned. *People v Coy*, 258 Mich App 1, 19-20; 669 NW2d 831 (2003) ("Where a defendant raises an issue in his statement of questions presented but fails to argue the merits in his brief, the issue is abandoned.")

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

US ___; 132 S Ct 1376, 1384; 182 L Ed 2d 398 (2012) (addressing ineffective assistance of counsel in the context of ineffective advice that led to the rejection of a plea offer). Moreover, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v Frye*, ___ US ___; 132 S Ct 1399, 1408; 182 L Ed 2d 379 (2012).

Defendant argues that trial counsel "admitted that she and her client did not discuss what he would consider to be an amenable plea offer that she could take to the prosecutor. . . ." However, the record reveals that trial counsel stated, in response to an inquiry from the trial court as to whether there was a plea agreement in this matter:

> Your Honor, I would indicate that my understanding from the policy of the Prosecutor's Office,[3] specifically Mr. Getting, is that he wanted indication from defense that if there was an offer that had been extended, that would be something the defense would, in fact, be amenable to. This would kind of stop, prevent him from having to contact the victim's family and that whole situation. So, at this point, *I met with [defendant] and I was not -- I was not authorized, given any indication, that there was -- that he wanted me to go and meet with the Prosecutor*. So that did not happen. (Emphasis added).

The record therefore reveals that trial counsel did meet with defendant and indicated that defendant did not authorize her to meet with the prosecutor and therefore did not authorize trial counsel to extend a plea offer. How this fact becomes inflated into defendant's argument that trial counsel failed to pursue plea negotiations or counsel defendant on the perils of trial is, at best, confusing. However, even examining this issue as presented by defendant, we certainly cannot find that trial counsel failed to communicate a formal offer as required by *Frye*. Further, there is no indication from the record that defense counsel failed to advise defendant of a potential plea offer. Thus, it cannot be concluded that defense counsel was objectively unreasonable for failing to discuss with defendant "what he would consider to be an amenable plea" that could be taken to the prosecutor. In addition, to the extent that defendant argues that defense counsel failed to impress upon him the risks of going to trial, defendant has not established the factual predicate for this claim. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Defendant has not established that defense counsel's performance fell below an objective standard of reasonableness. *Grant*, 470 Mich at 486.

Further, even assuming that the prosecutor would have made a formal offer and that defendant authorized defense counsel to negotiate a plea, and further assuming that trial counsel failed to properly advise defendant of such actions or the risks associated with trial, defendant has not established or even argued that:

---

[3] Both parties write extensively on whether this county prosecutor has a plea policy which requires a defendant to initiate plea negotiations. The prosecutor denies such a policy, and this Court finds the existence of such a policy or lack thereof to be of no legal consequence.

there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. [*Lafler*, ___ US at ___; 132 S Ct at 1385.]

Thus, defendant has also not met his burden of establishing prejudice. *Lockett*, 295 Mich App at 187; *Grant*, 470 Mich at 486. Accordingly, defendant is not entitled to relief on this issue.

Defendant next argues that defense counsel was ineffective with respect to various witnesses. "[W]ith regard to trial strategy and tactics," trial counsel has "great discretion in the trying of a case." *People v Pickens*, 446 Mich 298, 330; 521 NW2d 797 (1994). "Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). Moreover, "the failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004).

Defendant first argues that he was deprived a substantial defense because, if defense counsel would have timely added Dr. Rebecca Schreiner as an expert and called her as a witness, she would have testified that defendant "likely sustained a concussion," which was a substantial defense. However, defendant's claim lacks a factual predicate and is simply unsupported by the record. Before trial began, defense counsel noted that "there was confusion" between her and the prosecutor, that she did not intend on calling an expert witness with respect to any medical issues, and that "there was *no discussion that [defendant] said that he had a concussion or anything of that nature*, he just reported having a loss of consciousness for one to two seconds." (Emphasis added). Thus, from the record, there is no support at all that Schreiner would have testified that defendant likely sustained a concussion. Defendant was responsible for establishing the factual predicate for his claim of ineffective assistance of counsel in this regard, *Hoag*, 460 Mich at 6, and he has not established as fact that Schreiner would have offered such testimony. Therefore, on the record before this Court, defendant has not proved his claim, *id.*, and has not established that defense counsel's performance was objectively unreasonable with respect to Schreiner. *Grant*, 470 Mich at 485-486. Even presuming defendant had suffered a concussion, defendant again fails to provide this Court with a basis for a finding that defendant was prejudiced by the lack of this evidence. *Grant*, 470 Mich at 485-486.

Defendant next argues that defense counsel was ineffective for failing to call the doctor who treated defendant at the hospital, Dr. Robert Prodinger, because he could have corroborated defendant's testimony with respect to the seriousness of his injuries. However, defense counsel stipulated to the facts that defendant went to the hospital and received treatment from Prodinger. Defense counsel also stipulated to the admission of the emergency report from the hospital. During closing arguments, defense counsel used this evidence to argue that defendant suffered a violent attack. Further, defendant and other witnesses testified regarding the nature of his injuries. Thus, the failure to call Prodinger did not deprive defendant of a substantial defense

because he was able to and did, in fact, argue that he was victim of an attack, which prompted his use of lethal force. *Dixon*, 263 Mich App at 398. Moreover, nothing in the record supports that defense counsel's decision was anything but trial strategy. Defendant has not established that defense counsel's performance was objectively unreasonable with respect to Prodinger. *Grant*, 470 Mich at 485-486.

Defendant also argues that defense counsel was ineffective for failing to call an expert witness to testify about "the reasonable fear of a young black male raised and 'aged out' in foster care on the streets of Detroit." On appeal, defendant has failed to establish that such an expert even exists. Accordingly, he has not established the factual predicate for his claim. *Hoag*, 460 Mich at 6. Defendant also has not established that such evidence would have been admissible under MRE 702. Thus, because defendant has not established that the expert testimony would have been admissible, he has also failed to establish that it was objectively unreasonable not to have and call such an expert—if one even exists. This Court cannot base a finding of ineffective assistance of counsel on the failure of trial counsel to call an expert witness in a field where there currently exists no case law which identifies that such an area of expertise is acknowledged as accredited scientific evidence. Moreover, "[a]n attorney's decision whether to retain witnesses, including expert witnesses, is a matter of trial strategy." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). Reasonable trial strategy may not want to highlight the fact that defendant was a young black male raised in "the streets of Detroit" in fear of the jury negatively stereotyping defendant. Defense counsel's decisions regarding which witnesses to call were a matter of trial strategy, *id.*, and defendant has failed to overcome the heavy burden of establishing ineffective assistance of counsel, *Lockett*, 295 Mich App at 187. Accordingly, defendant is not entitled to relief on this issue.

## B. SENTENCING

Defendant next argues that the trial court abused its discretion by failing to depart below the minimum sentencing guidelines range or sentence defendant at the "low end" of the guidelines. MCL 769.34(10)[4] clearly provides that, "[i]f a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence."

Here, defendant was sentenced within the recommended minimum guidelines range. On appeal, defendant does not challenge the scoring of these guidelines or the accuracy of the information relied upon in determining his sentence. Thus, MCL 769.34(10) requires us to affirm defendant's sentences. MCL 769.34(10); *Babcock*, 469 Mich at 261.

---

[4] We acknowledge the fact that *People v Lockridge*, 498 Mich 358, 364-365; 870 NW2d 502 (2015) "str[uck] down the requirement in MCL 769.34(3) that a sentencing court that departs from the applicable guidelines range must articulate a substantial and compelling reason for that departure." However, *Lockridge* did not alter the requirements in MCL 769.34(10).

Affirmed.

/s/ William B. Murphy
/s/ Kurtis T. Wilder
/s/ Stephen L. Borrello