# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

UNPUBLISHED
March 31, 2016

v

No. 325346
Kalamazoo Circuit Court
LC No. 2014-000288-FC

PERRY LENELL PIERCE,

      Defendant-Appellant.

Before: K. F. KELLY, P.J., and FORT HOOD and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to do great bodily harm less than murder, MCL 750.84[1], and resisting arrest, MCL 750.81d. Defendant was sentenced as a habitual offender, second offense, MCL 769.10, to 71 months to 15 years' imprisonment for assault with intent to do great bodily harm less than murder, and 18 months to 3 years' imprisonment for resisting arrest. For the reasons set forth in this opinion, we affirm.

This case arises out of an incident in which defendant stabbed the victim approximately 13 times in the back and once in the neck with a pair a scissors after the victim stole defendant's telephone. Multiple witnesses testified at trial that they saw defendant stab the victim at a bus stop in Kalamazoo. At trial, defendant testified that he stabbed the victim 13 times. Defendant admitted that he said "I hope you die" to the victim, but stated that he said it because he was "so emotional" and the victim was saying "you going to prison, you going to prison, you going to die in prison." Defendant then testified that he bought the scissors earlier that day for his protection because he had been told the victim was with other people. Defendant also stated that if he intended to kill the victim he would have bought a big sharp knife instead of scissors.

Before trial, defendant filed notice of his intent to claim an insanity defense. Defendant underwent two psychological evaluations; he was first examined by Dr. Richard Rickman of the Center for Forensic Psychiatry and he was later independently examined by Dr. Michael Wolff.

---

[1] Defendant was charged with the greater offense of assault with intent to murder, MCL 750.83, but was found guilty of the lesser offense of AGBH.

-1-

Dr. Rickman and Dr. Wolff both concluded in their respective reports that at the time of the offenses, defendant was mentally ill, but did not meet the statutory criteria for legal insanity.

On appeal, defendant argues that he received ineffective assistance of counsel at trial because defense counsel did not properly investigate or document her investigation of potential witnesses at a "Riverwood[2]" mental health center. Defendant argues defense counsel should have called witnesses from Riverwood at trial to testify that defendant was mentally ill and legally insane.

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo." *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014). Because defendant did not preserve his claim by moving for a new trial or for a *Ginther*[3] hearing, our review is limited to errors apparent on the record. *Id.*

Criminal defendants are guaranteed the right to counsel under both the United States Constitution and the Michigan Constitution. US Const, Am VI; Const 1963, art 1, § 20. "It has long been recognized that the right to counsel is the right to the effective assistance of counsel." *US v Cronic*, 466 US 648, 654; 104 S Ct 2039; 80 L Ed 2d 657 (1984). For a claim of ineffective assistance of counsel,

> The United States Supreme Court has set forth a two-prong test to determine whether counsel was ineffective in a given case. First, defendant must prove that his trial counsel failed to meet an objective standard of reasonableness based on "prevailing professional norms." Second, defendant must establish prejudice, which is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [*Lopez*, 305 Mich App at 694, quoting *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).]

When claiming ineffective assistance of counsel, the "defendant bears a heavy burden in establishing that counsel's performance was deficient and that [the defendant] was prejudiced by the deficiency." *Lopez*, 305 Mich App 693-694. In addition, the "defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

Having reviewed the record, we conclude that defendant has not established the factual predicate that defense counsel failed to investigate Riverwood or that in fact, a therapist at Riverwood ever treated him. At trial, defendant informed the trial court that he wanted a new

---

[2] On appeal, defendant and the state reference "Riverside" not "Riverwood," but the trial record is clear that the facility was "Riverwood."

[3] *People v Ginther*, 390 Mich 436, 212 NW2d 922 (1973).

attorney to be appointed for him because defense counsel was refusing to call witnesses that defendant wanted her to call. Defendant told the trial court that his primary mental health caregiver was Riverwood in Benton Harbor, and stated some names and a telephone number at which these witnesses could be reached to give a more complete picture of defendant's mental health history and show that he did not intend to murder the victim.

In response, defense counsel informed the trial court that "the whole thing is the witnesses he wants are—don't exist. They simply do not exist and this one from Riverside or Riverwood there's no record that he was ever a patient there and I can't conjure up something that doesn't exist."

Defense counsel further informed the trial court that she pursued the Riverwood lead, the forensic center examiner Dr. Rickman pursued the Riverwood lead, and the independent examiner Dr. Wolff pursued the Riverwood lead, but all of them concluded that no one at Riverwood treated defendant. Furthermore, Dr. Rickman's report indicated as follows:

> Review of available records from Lakeland Regional Medical Center as well as Kalamazoo Community Mental Health Services. I also requested records from Riverwood Center, where Mr. Pierce said he had also received treatment. I received a letter back from the Berrien Mental Health Authority stating that they had no record of Mr. Pierce ever receiving services at Riverwood Center.

Defendant's argument that counsel failed to properly investigate is wholly unsupported by the record and there is no factual predicate to support that counsel's performance in this respect fell below an objective standard of reasonableness. *Hoag*, 460 Mich at 6. Instead, the record supports that defense counsel investigated defendant's treatment history including whether he was treated at Riverwood. There was nothing to support defendant's claims that he was treated at Riverwood and both Dr. Rickman and Dr. Wolff investigated whether defendant was treated at Riverwood. Defendant fails to articulate what more counsel should have done to investigate the Riverwood lead and he cannot show that counsel rendered performance that fell below an objective standard of reasonableness. *Lopez*, 305 Mich App at 694.

Defendant argues, however, that defense counsel failed to document her investigation with a document showing he was not a patient at Riverwood and he contends that this shows that counsel was ineffective. However, contrary to defendant's argument, there was a document in the record showing defendant was not a patient at Riverwood. Specifically, Dr. Rickman's evaluation stated that he requested records from the Riverwood Center and received a letter stating there was no record of defendant ever receiving services. Defense counsel did not act unreasonably when she did not prepare another document to repeat what was already contained in the evaluation. In short, defendant was not denied the effective assistance of counsel. *Id*.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ Stephen L. Borrello

-3-