# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRIAN ANTHONY PEEPLES,

        Defendant-Appellant.

UNPUBLISHED
July 26, 2016

No. 326675
Wayne Circuit Court
LC No. 14-006941-FC

Before: WILDER, P.J., and MURPHY and O'CONNELL, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of first-degree felony murder, MCL 750.316(1)(b), armed robbery, MCL 750.529, assault with intent to commit murder (AWIM), MCL 750.83, and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. He was sentenced as a fourth-habitual offender, MCL 769.12, to mandatory life imprisonment for the murder conviction, 25 to 50 years' imprisonment for the armed robbery conviction, 25 to 50 years' imprisonment for the AWIM conviction, and to a five-year prison term for the felony-firearm conviction. We affirm.

This case arises out of a shooting at a gas station in which defendant, in the course of committing an armed robbery, shot two victims, one male and one female, at a gas pump after the victims had arrived together at the station in a vehicle. The male victim perished, and the female victim survived her wounds. On appeal, defendant first argues that trial counsel was ineffective for failing to request a *Walker*[1] hearing in order to challenge the admissibility of incriminating statements made by defendant to the police, where the statements were made in violation of *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), and where the statements were made involuntarily.[2] In that same vein, defendant also maintains that the trial court erred in failing to sua sponte conduct a *Walker* hearing.

---

[1] *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965).

[2] Whether counsel was ineffective presents a mixed question of fact and constitutional law, which we review, respectively, for clear error and de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). In *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884

We initially note that on the first day of trial, defense counsel moved to suppress defendant's incriminating statements on the basis of *Miranda*, and the trial court denied the motion after hearing the counterargument by the prosecutor, who essentially set forth the same reasons we shall enunciate momentarily for rejecting any *Miranda* claim. The trial court was clearly not going to entertain a *Walker* hearing, even if requested. Our review of the record reveals that defendant's incriminating statements made to the police, and there were multiple inculpatory comments, were either spontaneously volunteered, absent any questions or eliciting-motivated conduct by police, were made after the police simply asked defendant for his name, or were in response to questions regarding whether defendant had or had tossed a gun. Given these circumstances, there was no *Miranda* violation. See *People v Attebury*, 463 Mich 662, 668-674; 624 NW2d 912 (2001) (recognizing and applying "public safety" exception to *Miranda* where police asked the defendant about the location of a handgun that they knew he had earlier displayed); *People v Anderson*, 209 Mich App 527, 532; 531 NW2d 780 (1995) ("volunteered statements of any kind are not barred by the Fifth Amendment and are admissible"); *People v Armendarez*, 188 Mich App 61, 73; 468 NW2d 893 (1991) ("the simple asking of a defendant's name is not interrogation or an investigative question requiring the issuance of *Miranda* warnings"). Accordingly, any efforts by defense counsel to further challenge defendant's statements to police or to request a *Walker* hearing would have been futile and meritless; therefore, counsel was not ineffective. *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502

---

(2001), our Supreme Court, addressing the basic principles governing a claim of ineffective assistance of counsel, stated:

> To justify reversal under either the federal or state constitutions, a convicted defendant must satisfy the two-part test articulated by the United States Supreme Court in *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). See *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not performing as the 'counsel' guaranteed by the Sixth Amendment." *Strickland, supra* at 687. In so doing, the defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *Id.* at 690. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

An attorney's performance is deficient if the representation falls below an objective standard of reasonableness. *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000).

(2000). And, given our analysis, the trial court did not err in failing to sua sponte conduct a *Walker* hearing.

With respect to the voluntariness component of defendant's ineffective assistance claim, it is predicated on the assertion that defendant's behavior was bizarre at the time of arrest and when he made the inculpatory statements. We find nothing in the record indicating that, at the time the statements were made, defendant suffered from a mental illness or was under the influence of drugs or intoxicants that may have interfered with his ability to freely and voluntarily make the statements. Instead, the arresting officer, testifying with regard to defendant's demeanor, observed that defendant appeared "extremely proud of himself." Indeed, the situation reflected braggadocio, not involuntariness. Further, there is no evidence of coercion, mistreatment, or intimidation on the part of the police before defendant made the incriminating statements. In short, there is no record evidence to support defendant's claim that his volitional capacity had been compromised when he made the statements. Accordingly, defendant has failed to establish the factual predicate of his claim. And again, counsel is not required to pursue futile or meritless positions. Reversal is unwarranted.

Defendant next contends that the trial court erred in admitting three text messages purportedly received by defendant, given that they constituted inadmissible hearsay. We review a trial court's decision regarding the admissibility of evidence for an abuse of discretion. *People v Watkins*, 491 Mich 450, 467; 818 NW2d 296 (2012). However, "[p]reliminary questions of law, including whether a rule of evidence precludes the admission of evidence, are reviewed de novo." *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013). To the extent defendant's challenge to the admission of the text messages was not preserved by specific objection, our review is limited to plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). We have carefully scrutinized the text messages, and they simply do not constitute hearsay, either because there is no "assertion" in the text message, MRE 801(a), or because the text message was not "offered in evidence to prove the truth of the matter asserted, MRE 801(c). See *People v Jones (On Rehearing After Remand)*, 228 Mich App 191, 203-226; 579 NW2d 82 (1998), mod in part on other grounds 458 Mich 862 (1998). Moreover, given the strong evidence of guilt, including defendant's statements implicating himself in the offenses, any assumed error in admitting the text messages was harmless, lacking any prejudicial impact. *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999); *Carines*, 460 Mich at 763.[3]

Defendant next argues that the trial court erred in admitting text messages connected to a particular cell phone number relative to the day of and the days following the shooting, where the messages were not sufficiently authenticated as having actually been sent to or received by defendant. MRE 901(a) governs the authentication of evidence and provides:

> The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

---

[3] Given our analysis, defendant's associated ineffective assistance claim is also rejected.

Authentication can be accomplished through the testimony of a witness with knowledge "that a matter is what it is claimed to be." MRE 901(b)(1); see also *People v McDade*, 301 Mich App 343, 352-353; 836 NW2d 266 (2013). Here, a witness, who has a child with defendant, identified the phone number at issue as the phone number that she knew defendant to use; it was the number that defendant would call her from and the number that she used to contact him. Significantly, the witness testified that defendant called her from the phone number in the morning on the day following the shooting, during which conversation they discussed the news reports of the crime and defendant shared details of the shooting incident. Further, under MRE 901(b)(4), authentication can be accomplished through distinctive characteristics taken in conjunction with the circumstances. Here, the special agent who analyzed the certified phone records associated with the particular phone number and the timeframe surrounding the shooting testified that defendant's name was referenced 91 times in text messages, including on the day of and after the shooting. The multiple references to defendant's name in the text messages was certainly a distinct characteristic that, taken in conjunction with the testimony identifying the phone number as defendant's phone number, indicated that defendant was actually using the phone and sent and received the text messages, as the prosecution claimed. On this record, the evidence was sufficient to authenticate the text messages as being sent from and received by defendant, and the trial court did not err in admitting them. Accordingly, defendant's associated claim of ineffective assistance of counsel must also fail.

Finally, defendant contends on appeal that there was insufficient evidence to establish his identity as the perpetrator of the offenses, but only if the text messages and his incriminating statements made to police are not taken into consideration. Given that we have held that the text messages and defendant's incriminating statements were admissible, defendant's sufficiency argument necessarily fails. Moreover, even were we to exclude consideration of the statements and text messages, there was sufficient evidence of identification.[4] "[I]dentity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). "[P]ositive

---

[4] We review de novo the issue regarding whether there was sufficient evidence to sustain a conviction. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, this Court must view the evidence – whether direct or circumstantial – in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Circumstantial evidence and the reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime. *Carines*, 460 Mich at 757. The prosecution need not negate every reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). We resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

identification by witnesses may be sufficient to support a conviction of a crime." *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). Further, "[t]he credibility of identification testimony is a question for the trier of fact that we do not resolve anew." *Id.*

Here, the female shooting victim identified defendant as being in the gas station with her shortly before the shootings, and she testified that he attempted to converse with her, although she could not identify defendant as the shooter. Video footage obtained from the gas station's security camera was employed to track the man who spoke to the female victim inside the station back to the victims' vehicle, where the individual made maneuvers consistent with the robbery and shootings. Also, the witness mentioned earlier who shares a child with defendant testified that it was defendant in the video footage from the gas station. Moreover, she testified that defendant made statements to her on the day after the shooting in which he implicated himself in the crimes. Additionally, a bicyclist testified that he saw defendant with a gun at the victims' vehicle just after shots were fired. This evidence was more than sufficient to identify defendant as the perpetrator. And when his inculpatory statements to the police and the text messages are added to the mix, the evidence of defendant's guilt becomes overwhelming. There is no basis for reversal.

Affirmed.

/s/ Kurtis T. Wilder
/s/ William B. Murphy
/s/ Peter D. O'Connell