# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DEMETRI DOWDELL,

      Defendant-Appellant.

UNPUBLISHED
July 5, 2018

No. 335068
Wayne Circuit Court
LC No. 15-006696-01-FC

Before: JANSEN, P.J., and SERVITTO and SHAPIRO, JJ.

JANSEN, P.J. (*concurring in part and dissenting in part*)

While I agree with the majority that defendant received due process of law, I disagree that a remand for a hearing pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 992 (1973), is necessary. In that regard, I dissent.

Defendant argues that he received ineffective assistance of counsel at trial where defense counsel failed to call a res gestae witness at trial. I disagree, and note that defendant failed to preserve these claims for appellate review by moving for a new trial, or requesting a hearing pursuant to *Ginther* in the trial court. *People v Solloway*, 316 Mich App 174, 188; 891 NW2d 255 (2016). Accordingly, no factual record has been created on which this Court may evaluate defendant's claim. *Id.*[1]

Generally, "[w]hether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *Solloway*, 316 Mich App at 187 (citation omitted). A trial court's findings of fact, if any, are reviewed for clear error, and questions of law are reviewed de novo. *Id.* at 188. However, where no factual record has been created in regard to a defendant's claim of ineffective assistance of counsel, as is the case here, "this Court's review is limited to mistakes apparent on the lower court record." *Id.*

---

[1] I note that this Court previously denied defendant's motion for remand for a *Ginther* hearing. See *People v Dowdell*, unpublished order of the Court of Appeals, entered July 10, 2017 (Docket No. 335068).

-1-

Effective assistance of counsel is presumed, and criminal defendants have a heavy burden of proving otherwise. *People v Schrauben*, 314 Mich App 181, 190; 886 NW2d 173 (2016). When claiming ineffective assistance of counsel, it is the defendant's burden to prove "(1) counsel's performance was deficient, meaning it fell below an objective standard of reasonableness, and (2) the deficient representation prejudiced the defendant, meaning but for counsel's error, there is a reasonable probability that the outcome of defendant's trial could have been different." *Solloway*, 316 Mich App at 188, citing *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2025; 80 L Ed 2d 674 (1984). A defendant must show that "but for counsel's deficient performance, a different result would have been reasonably probable." *People v Armstrong*, 490 Mich 281, 290; 806 NW2d 676 (2011), citing *Strickland*, 466 US at 694-696. "[D]efendant has the burden of establishing the factual predicate for his claim[.]" *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

Defendant argues that defense counsel's failure to call res gestae witnesses fell below an objective standard of reasonableness. "Decisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy[,]" and this Court does not second-guess matters of trial strategy. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008) (citation omitted). Further, failing to call a witness only constitutes ineffective assistance of counsel when it deprives the defendant of a substantial defense. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Jackson (On Reconsideration)*, 313 Mich App 409, 432; 884 NW2d 297 (2015) (quotation marks and citation omitted). Additionally, simply because a trial strategy was unsuccessful does not mean it amounts to ineffective assistance of counsel. *People v Petri*, 279 Mich App 407, 412-413; 760 NW2d 882 (2008).

I believe my review of the record confirms that defense counsel adequately advocated for his client. Although perhaps not to defendant's personal satisfaction, defense counsel did, in fact, thoroughly cross-examine all of the prosecution's witnesses, and made every attempt to establish reasonable doubt regarding defendant's guilt. Defendant claims that Jason Algazzaly would have testified at trial that defendant did not brandish a gun, and that he had never seen defendant carrying a gun, based primarily on a review of the surveillance video. However, not only does defendant fail to support this claim with an affidavit from Algazzaly indicating what his testimony would have been, Algazzaly was not actually present during the altercation between defendant and the victim, and the surveillance video of the incident was unobtainable. Therefore, regardless of whether the jury would have found Algazzaly's testimony to be credible, any testimony regarding whether defendant actually brandished a weapon would have been inadmissible. Accordingly, in my view, defendant has failed to establish that he was deprived of a substantial defense because of defense counsel's representation, and on that basis I would affirm.


/s/ Kathleen Jansen