*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DEVANTE CORTEZ GADDIS,

Defendant-Appellant.

UNPUBLISHED
October 31, 2019

No. 344115
Ingham Circuit Court
LC No. 17-000187-FC

Before: TUKEL, P.J., and SERVITTO and RIORDAN, JJ.

PER CURIAM.

Defendant, Devante Cortez Gaddis, appeals by right his jury trial convictions of assault with intent to murder, MCL 750.83, intentional discharge of a firearm at a dwelling or an occupied structure, causing injury, MCL 750.234b(3), felon in possession of a firearm (felon-in-possession), MCL 750.224f(1), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). Defendant was sentenced as a third-offense habitual offender, MCL 769.12, to serve prison terms of 200 to 562 months for assault with intent to murder; 5 to 30 years for intentional discharge of a firearm at a dwelling or an occupied structure; 5 to 10 years for felon-in-possession; and 2 consecutive years for felony-firearm. We affirm.

## I. BASIC FACTS

On the evening of January 22, 2017, Jacquay Jones and his girlfriend, Jacquelyn Zalesak, were inside their apartment with their child when defendant knocked on the door. Jones looked through the peephole and saw a person wearing a hoodie standing to the right of the door. Jones opened the door and said, "What's up?" The person opened fire. Jones shut the door and lay on the floor of his apartment to avoid the bullets. Jones was shot once in the chest and another bullet grazed him on the left shoulder. Jones later identified defendant as the shooter in a photographic lineup. Jones testified at trial that he recognized the shooter as defendant from earlier that day at a basketball court. Evidence was presented at trial that defendant shared no relationship with Jones, but that defendant did have a relationship with one "Brown," who lived across the hallway from Jones's apartment.

-1-

Two days later, defendant was arrested following a traffic stop where police recovered the following items: two Glock 9-millimeter handguns with extended magazines, 14 9-millimeter Winchester rounds, a box of .40-caliber ammunition with 10 rounds missing, a .40-caliber Glock magazine, and a receipt showing the purchase of the Winchester ammunition, paid in cash. The two Glock handguns were loaded with live rounds.

During trial, defense counsel challenged the veracity of Jones's eyewitness identification of defendant on the night the shooting occurred. Specifically, counsel pointed out that the shooter's face was partially covered, that the lighting in the hallway was dim, and that Jones only looked at the shooter for seconds before seeking cover from the incoming bullets.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. STANDARD OF REVIEW

"Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016). Generally, this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of law. *Id*. at 188. However, because defendant's motion in this Court to remand for a *Ginther*[1] hearing was denied,[2] "no factual record was created with respect to defendant's claim, and this Court's review is limited to mistakes apparent on the lower court record." *Id*.

### B. ANALYSIS

Trial counsel was not ineffective for failing to request the appointment of an expert witness on eyewitness identification.

"Trial counsel is presumed to have been effective, and defendant must prove otherwise." *People v Blevins*, 314 Mich App 339, 351; 886 NW2d 456 (2016). In order to establish ineffective assistance of counsel, a defendant must show that "(1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial would have been different." *Solloway*, 316 Mich App at 188. "This Court does not second-guess counsel on trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Foster*, 319 Mich App 365, 391; 901 NW2d 127 (2017). The defendant "bears the burden of establishing the factual predicate for his claim." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015) (quotation marks and citation omitted). "Decisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy . . . ." *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008).

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] *People v Gaddis*, unpublished order of the Court of Appeals, entered October 12, 2018 (Docket No. 344115).

-2-

Defense counsel's failure to present certain evidence does not constitute ineffective assistance of counsel unless defendant has been deprived of a substantial defense. *People v Jackson (On Reconsideration)*, 313 Mich App 409, 432; 884 NW2d 297 (2015). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (quotation marks and citation omitted).

In *People v Blevins*, 314 Mich App at 348, the defendant argued that his identification by four witnesses in photographic arrays was the product of impermissibly suggestive procedures and that an expert witness should have been presented on the topic of eyewitness identification. The defendant specifically argued that there had been "250 exonerations based on DNA, 76% of which involved misidentification as a factor." *Id*. However, this Court held that the trial court did not clearly err by admitting the identification evidence. *Id*. at 348-350. Further, this Court held that trial counsel was not ineffective by failing to present an expert witness on eyewitness identification:

> As the lower court found in its decision on defendant's motion for new trial, counsel made strategic and reasonable choices in light of his trial strategy. His cross-examination of witnesses worked with the court's instructions on identification: he impeached witnesses on issues of intoxication, lighting, distance, discrepancies in descriptions, and the amount of time each witness had to make an observation. Although defendant believes that additionally presenting an expert on eyewitness testimony would have been helpful, and defendant may even be right, that counsel could conceivably have done more, or that a particular trial strategy failed, does not mean counsel's performance was deficient. Accordingly, counsel's decision to rely on cross-examination to impeach the witnesses who identified defendant does not fall below an objective standard of reasonableness. [*Blevins*, 314 Mich App at 351 (citation omitted.)]

Here, trial counsel extensively cross-examined Jones concerning his eyewitness identification of defendant. Trial counsel elicited testimony that "the peephole [through which Jones saw defendant] is pretty minute." Further, trial counsel cross-examined Jones concerning his visibility of the shooter. Counsel, noting that Jones "indicated the hoodie covered [the shooter's] forehead," further questioned Jones as follows:

> *Q*. All right. So you got a look at his eyes, his nose, and his mouth?
>
> *A*. Yep, and the chin.
>
> *Q*. And the chin. All right. And that look only lasted a matter of seconds, correct?
>
> *A*. Yes.

Trial counsel also impeached Jones concerning what the shooter was wearing:

> *Q*. All right. And did he have anything else on? Did he have a coat on; anything of that nature?

*A.* No. Just a hoodie.

*Q.* All right. Okay. Do you remember testifying at the preliminary examination?

*A.* Yes.

*Q.* Do you remember testifying that he had a coat and hood [sic] on?

*A.* Yes.

Trial counsel also asked Jones if he remembered testifying at the preliminary examination that the light in the hallway, where the shooter stood, was very dim.

Therefore, defense counsel was prepared to cross-examine Jones concerning his eyewitness identification and made an effort to discredit Jones's identification of defendant as the shooter. "[C]ounsel's decision to rely on cross-examination to impeach the witness[] who identified defendant does not fall below an objective standard of reasonableness." *Blevins*, 314 Mich App at 351. Instead, "[c]ounsel's decision whether to call a witness is presumed to be a strategic one for which this Court will not substitute its judgment." *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003).

Further, in this case, "[d]efendant offers no proof that an expert witness would have testified favorably if called by the defense." *Id*. Accordingly, he has not established the factual predicate for his ineffective assistance of counsel claim. *Id*.; see also *People v Hoag,* 460 Mich 1, 6; 594 NW2d 57 (1999). Therefore, "defendant has not established a reasonable probability that but for counsel's alleged error the result of the proceedings would have been different." *Ackerman*, 257 Mich App at 455-456.[3]

---

[3] Defendant additionally appears to argue that, even though defense counsel did not have the benefit of *People v Kennedy*, 502 Mich 206; 917 NW2d 355 (2018), our Supreme Court's holding in that case applies to him. In *Kennedy*, 502 Mich at 210, our Supreme Court clarified "that MCL 775.15 does not apply in [the] context" of an indigent defendant's request for appointment of an expert. Here, no request was made for the appointment of an expert witness; therefore, *Kennedy* is not applicable. Moreover, *Kennedy*, 502 Mich at 228, provides that "a defendant must show the trial court that there exists a reasonable probability both that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial." (Quotation marks and citation omitted.) For the reasons stated, defendant cannot make this showing.

Affirmed.

/s/ Jonathan Tukel
/s/ Deborah A. Servitto
/s/ Michael J. Riordan