PEOPLE v HOAG

Docket No. 111933. Argued April 6, 1999 (Calendar No. 2). Decided
    June 9, 1999.
    Mark Z. Hoag was convicted by a jury in the Wayne Circuit Court,
        Michael J. Talbot, J., of entry without breaking. The Court of
        Appeals, HOOD, P.J., and WHITE and MARKMAN, JJ., remanded for a
        *Ginther* hearing, during which it was determined that trial counsel
        had done an erroneous title search and, thus, failed to discover that
        the complainant was not the true owner of the building that the
        defendant had entered. Despite this, the trial court denied the
        defendant's motion for a new trial, finding that defense counsel
        provided effective assistance of counsel. The Court of Appeals,
        McDONALD and CAVANAGH, JJ. (MARKMAN, P.J., dissenting), reversed in
        an unpublished opinion per curiam, finding that the defendant had
        been denied effective assistance of counsel, and ordered a new
        trial (Docket No. 182196). The people appeal.
        In a unanimous opinion by Justice CAVANAGH, the Supreme Court
        *held*:
        The defendant failed to produce any evidence that would lead to
        the conclusion that there was a reasonable probability that, but for
        his trial counsel's errors, the result would have been different.
        Thus, his ineffective assistance of counsel claim must fail. Because
        the Court of Appeals declined to consider any of the other issues
        raised in defendant's appeal, remand to the Court of Appeals is
        required for consideration of the other claims of error raised by the
        defendant in his prior appeal.
        1. A defendant claiming ineffective assistance of counsel must
        show that his counsel made errors so serious as not to be function-
        ing as the counsel guaranteed by the Sixth Amendment or Const
        1963, art 1, § 20. The defendant also must show that the deficient
        performance prejudiced the defense, so as to deprive the defendant
        of a fair trial. The defendant additionally must overcome the pre-
        sumption that the challenged action was trial strategy, and must
        establish a reasonable probability that, but for counsel's unprofes-
        sional errors, the result would have been different.
        2. In this case, the defendant failed to establish that his counsel's
        error was so serious that it deprived him of a fair trial. No testi-

mony or evidence was offered at the *Ginther* hearing that would indicate that anyone had consented to the defendant's presence in the building in question. Without such evidence, there is no indication that the result would have been any different even if the defendant had discovered before trial the identity of the true owner of the building. The burden is on the defendant to establish the evidentiary support that excludes hypotheses consistent with the view that his trial lawyer represented him adequately. There is no evidence in the record about how the defendant's theory of the case might have changed or whether that change might have been successful.

Reversed and remanded.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief, Research, Training and Appeals, and *Karen M. Woodside*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Desiree M. Ferguson*) for the defendant-appellee.

CAVANAGH, J. We granted leave to appeal in this case to determine whether defendant was deprived of effective assistance of counsel. Defendant was convicted of entry without breaking. MCL 750.111; MSA 28.306. Because of an erroneous title search, defendant's trial counsel failed to determine that the complaining witness was not the true owner of the building that defendant entered. The Court of Appeals found that this error rose to the level of ineffective assistance of counsel. Because we believe that counsel's error was not serious enough to deny defendant a fair trial, we reverse the judgment of the Court of Appeals.

I

Defendant was tried before a Wayne County jury on the charge of breaking and entering a building with intent to commit larceny. MCL 750.110; MSA 28.305. At trial, it was established that the complainant arrived at Willie & Sons Auto Parts located at 6503 McGraw in Detroit at about 11:30 A.M. on the day of the incident. He testified that his sons owned the building at that address, and that the three of them ran their auto parts business out of the building. When he arrived, he heard a noise in the rear of the building and discovered the defendant inside. He also observed that the chain and padlock were broken off the rear door, and that front wheel rotators that had been stacked near the front of the building were now stacked at the rear. After a brief verbal confrontation, defendant fled the scene in a truck. The complainant followed in his own vehicle, and was able to flag down a police car. He explained the incident to the officers, and the officers stopped the defendant's truck. The defendant was subsequently arrested.

Defendant testified at trial that, on the day of the incident, he was working for a friend who was renovating a nearby duplex. While he was waiting for his friend to arrive, he had to "go to the bathroom." Because there was no bathroom nearby for him to use, he went into the building in question and relieved himself in a hole in the ground. He testified that he believed the building was abandoned, and that he had entered through the rear door that was wedged open by snow. He said that he did not notice any chain or lock on the rear door, and that he had not broken anything to get inside. He also denied

moving anything or taking anything while he was inside.

At the conclusion of the trial, the jury found defendant guilty of the lesser-included offense of entry without breaking. Defendant filed a postconviction motion for a new trial, arguing in part that his trial counsel was ineffective for failing to determine that the complainant had no legal or possessory interest in the building. The motion for a new trial was denied by the trial court. On appeal, the Court of Appeals remanded the case for a *Ginther*[1] hearing. During the hearing, it was determined that trial counsel had done a title search on the wrong property, and, thus, failed to discover that the complainant's sons were no longer the owners of the property in question because they had lost it because of a tax foreclosure in 1993.

Despite the discovery of trial counsel's error, the trial court again denied the motion for a new trial, finding that defense counsel provided defendant with effective assistance of counsel. The defendant appealed a second time, and the Court of Appeals reversed in a divided unpublished per curium opinion.[2] The majority opined that defendant had been denied effective assistance of counsel because of his failure to discover the true ownership of the property in question. In particular, the majority believed that if trial counsel had been properly armed with the undiscovered ownership information, he could have raised the defense of consent to be on the property. At the

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] Issued March 24, 1998 (Docket No. 182196). Because the Court found merit in defendant's ineffective assistance of counsel claim, it did not address defendant's other claims of error.

very least, "if defense counsel had prepared more carefully, the defense's theory of the case might have changed and thereby altered the outcome." Slip op at 2. Therefore, it reversed defendant's conviction and ordered a new trial. Before the case was sent back to the trial court, however, we granted the prosecutor's application for leave to appeal. 459 Mich 883 (1998).

II

In *People v Pickens*, 446 Mich 298; 521 NW2d 797 (1994), this Court explained that, when evaluating a claim of ineffective assistance of counsel under either the Sixth Amendment of the United States Constitution,[3] or under the equivalent provision of the Michigan Constitution,[4] Michigan courts must examine the standard established in *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction

---

[3] The Sixth Amendment provides in part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of counsel for his defence."

[4] Const 1963, art 1, § 20 also guarantees that "[i]n every criminal prosecution, the accused shall have the right . . . to have the assistance of counsel for his or her defense . . . ."

or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

In attempting to persuade a reviewing court that counsel was ineffective, a defendant must also overcome the presumption that the challenged action was trial strategy, and must establish "a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." *People v Johnson*, 451 Mich 115, 124; 545 NW2d 637 (1996).

Finally, it is important to note that defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel:

> A convicted person who attacks the adequacy of the representation he received at his trial must prove his claim. To the extent his claim depends on facts not of record, it is incumbent on him to make a testimonial record at the trial court level in connection with a motion for a new trial which evidentially supports his claim and which excludes hypotheses consistent with the view that his trial lawyer represented him adequately. [*People v Ginther*, 390 Mich 442-443.]

In the present case, defendant maintains that his trial counsel's failure to uncover the true ownership of the property in question deprived him of the opportunity to argue that he was on the property with the owner's consent. Because the complainant testified at trial that defendant did not have permission to be in the building, defendant believes that he was prejudiced by the erroneous assumption that the complainant had any more right to be on the property than defendant. The Court of Appeals agreed with defendant's position, concluding that

[i]n the instant case, defense counsel's failure to ascertain the ownership of the building in question resulted in ignorance of information that could have aided the defense. A reasonable probability exists that, had the jury been aware that neither the complainant nor his sons owned the building, the outcome of the proceedings would have been different. See *Pickens, supra.* In the alternative, if defense counsel had prepared more carefully, the defense's theory of the case might have changed and thereby altered the outcome. [Slip op at 2.]

However, we disagree that defendant has established that trial counsel's error was so serious that it deprived him of a fair trial. Even if we assume that the defendant's legal position is correct, i.e., that consent is either an element of the offense of entry without breaking or is at least an affirmative defense to the crime, we are still unpersuaded that defendant has established "a reasonable probability that, but for counsel's unprofessional errors, the result would have been different."[5] *Johnson, supra* at 124. In particular, there is no testimony or evidence in the *Ginther* hearing record that would indicate *anybody* had consented to defendant's presence in the building in question. Without such evidence, there is no indication that the result would have been any different even if defendant had discovered before trial the identity of the true owner of the building. Therefore, we disagree with the Court of Appeals assertion that the jury's result likely would have changed if it had

---

[5] We express no opinion in regard to the merits of defendant's legal position. Rather, because defendant has failed to establish the factual basis for a claim of ineffective assistance of counsel on the basis of his legal analysis, there is no need for us to express our views on his legal claims. To do so would merely be dicta.

known about the true ownership status of the building.[6]

We also believe that the Court of Appeals alternative conclusion that, if the ownership information had been available at the time of trial, "the defense's theory of the case might have changed" is purely speculative. Indeed, there was no evidence presented at the *Ginther* hearing that indicated defendant would have fared any better at trial with this information. Once again, the burden is on the defendant to establish the evidentiary support "which excludes hypotheses consistent with the view that his trial lawyer represented him adequately." *Ginther, supra* at 443. Here, there is no evidence in the record about how defendant's theory of the case might have changed or how that change might have been successful.

---

[6] The only testimony produced at the *Ginther* hearing with respect to how defendant's trial strategy would have changed if the true ownership interest of the building had been discovered came from defendant's trial counsel:

*Q.* Okay. If you had learned through searching those records that Mr. Howard's sons had no interest in the property, would you have used that information to Mr. Hoag's defense?

*A.* Yes, I would have.

*Q.* How would you have used it?

*A.* Well, I would have taken the position that Mr. Howard didn't have any possessory interest. That he was somehow—tell you the truth, I'm not clear how or where I would have taken that argument.

But, I would have said that he wasn't entitled—he couldn't have claimed this person, Mr. Hoag, didn't have permission to be there, if he didn't have authority to grant permission.

This testimony is insufficient to establish any sort of claim of consent to be on the premises in question. There is absolutely no indication that defendant had permission to be on the property. The fact that complainant might not have had the authority to consent to defendant's presence on the premises is irrelevant, given that there is no allegation that he (or anyone else) actually gave defendant permission to go into the building.

III

Because defendant has failed to produce any evidence that would lead us to conclude that there was a reasonable probability that, but for counsel's unprofessional errors, the result would have been different, we hold that defendant's ineffective assistance of counsel claim must fail. Accordingly, we reverse the judgment of the Court of Appeals. We note that, in deciding that defense counsel was ineffective, the Court of Appeals declined to consider any of the other issues raised in defendant's appeal. Therefore, we remand this case to the Court of Appeals for consideration of the other claims of error raised by defendant in his prior appeal that were not addressed in the Court's prior ruling.

WEAVER, C.J., and BRICKLEY, KELLY, TAYLOR, CORRIGAN, and YOUNG, JJ., concurred with CAVANAGH, J.