# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

BRIAN KELLY WILKINS,

       Defendant-Appellant.

UNPUBLISHED
May 18, 2017

No. 331434
Kent Circuit Court
LC No. 15-006582-FH

Before: MARKEY, P.J., and MURPHY and METER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of embezzlement of more than $1,000 but less than $20,000, MCL 750.174(4)(a). He was sentenced to 90 days in jail, with 44 days credit, along with 30 months of probation, $7,660 in restitution, and various fines and court costs. We affirm.

This case arises out of the embezzlement of $7,160 that was dedicated for use in certain automatic teller machines (ATMs) in Grand Rapids, Michigan. The ATMs were serviced by Security, Incorporated. Defendant was employed by Security when the money went missing, and his job entailed servicing the particular ATMs involved in this case, along with a coworker. The coworker testified that he never personally handled the money, that he was simply a driver whose job was to keep the company vehicle secure while defendant directly serviced the ATMs, and that defendant had been alone with the money at the Security office. Defendant and his coworker were confronted by their manager about the missing money, and when the men emptied their pockets, defendant pulled out $200 in $20 bills, which were marked in a manner that showed that they were intended to be dispensed to one of the ATMs that was currently down. Defendant explained that he had the money in order to "pay a shortage."

The manager testified that, without his prompting or demand and while he was counting cash, defendant and the coworker nearly stripped down to their underwear to show him that they did not have the thousands of dollars in missing funds. When he turned and saw what was occurring, the manager immediately told them to put their clothes back on. The manager asserted that defendant then admitted that he had taken the money, but recanted shortly thereafter, claiming that he did not want to see his coworker go to jail for something the coworker did not do. The manager testified that he next asked defendant for details as to why defendant had been prepared to take the blame for a crime that he did not commit, indicating to

-1-

defendant that the police could conduct an investigation and find out who actually stole the money. At that point, defendant again changed his story and once more conceded that he had taken the money. Defendant wrote out and signed a confession, which confession was admitted at trial, and which provided:

> I, Brian Wilkins, am responsible for lost or missing monies on several dates. I, Brian Wilkins, take full responsibility for this and agree to repay lost monies and damages. I, Brian Wilkins, agree to pay $200 every two weeks until the balance is paid in full. The total is $7,160.

Trial counsel for defendant indicated in her opening statement that defendant signed the confession in a coercive atmosphere. In her closing argument, defendant's attorney argued that the confession was obtained through intimidation by the manager, that defendant was not found with the missing thousands of dollars on his person, and that the prosecution had not proven beyond a reasonable doubt that the "money trail" led to defendant and that he had taken the cash.

On appeal, defendant first argues that trial counsel was ineffective in several instances. Whether counsel was ineffective presents a mixed question of fact and constitutional law, which we review, respectively, for clear error and de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). In *People v Carbin,* 463 Mich 590, 599-600; 623 NW2d 884 (2001), our Supreme Court, addressing the basic principles governing a claim of ineffective assistance of counsel, observed:

> To justify reversal under either the federal or state constitutions, a convicted defendant must satisfy the two-part test articulated by the United States Supreme Court in *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). See *People v Pickens,* 446 Mich 298, 302-303; 521 NW2d 797 (1994). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not performing as the 'counsel' guaranteed by the Sixth Amendment." *Strickland, supra* at 687. In so doing, the defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *Id.* at 690. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim. See *People v Hoag,* 460 Mich 1, 6; 594 NW2d 57 (1999).

An attorney's performance is deficient if the representation falls below an objective standard of reasonableness. *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000). "Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis,* 250 Mich App 357, 368; 649 NW2d 94 (2002). We cannot insulate, however, the review of counsel's performance by simply

calling it trial strategy. *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). Initially, this Court must determine whether strategic choices were made after less than complete investigation, with any choice being reasonable only to the extent that reasonable professional judgment supported the limitations on investigation. *Id.*

Defendant first contends that trial counsel was ineffective because she failed to understand that defendant had access to the money well before it was discovered missing and prior to the confrontation with the manager, which would have given defendant time to hide or dispose of the cash. According to defendant, had counsel been aware of this fact, she never would have presented the defense that defendant's guilt was not shown because all of the missing money was not found on defendant. It is clear to us that trial counsel was plainly aware that the sequence of events allowed defendant the opportunity to secrete the cash before the confrontation with the manager, as there was testimony on the matter. Trial counsel was faced with trying to mount a defense against virtually insurmountable evidence submitted by the prosecution, mainly defendant's own written confession and the manager's testimony, and we are not prepared to fault counsel for making an argument that had some holes in it. Moreover, counsel additionally argued, as best that could be done, that the confession was coerced and that the prosecution had failed to establish the trail of the missing money. Counsel's performance was not deficient, nor has the requisite prejudice been established. Indeed, given the overwhelming evidence of guilt, reversal is unwarranted on the prejudice prong, even assuming that defense counsel's performance fell below an objective standard of reasonableness.

Next, defendant maintains that trial counsel failed to "conduct any pretrial investigation or consult with key witnesses who would have exposed significant factual errors in the prosecution's case including significant inaccuracies in [the manager's] testimony." More particularly, defendant argues that testimony from other Security employees would have directly contradicted the prosecution's theory that defendant had "sole control" of the money. However, the prosecutor acknowledged in closing argument that the coworker could have accessed the funds. And the manager's testimony showed that he could have accessed the stolen money. Defendant claims that two other persons potentially had access to the money, the manager's brother-in-law and another Security employee. Assuming any validity to this assertion, defendant does not point to any information suggesting that one of these individuals actually took the money. Again, defendant confessed to the crime. Counsel's performance was not deficient, nor has the requisite prejudice been established.

Defendant further argues that trial counsel was ineffective because she left before the verdict was rendered. However, closing arguments had already concluded and the jury retired for deliberations when counsel left. Furthermore, stand-in defense counsel sat with defendant while the verdict was read. In addition, defendant does not cite any legal authority supporting his position. Neither deficient performance nor prejudice has been established.

Finally, in cursory fashion, defendant argues that trial counsel was ineffective for failing to excuse two "potentially biased" jurors during voir dire. Aside from citing some transcript pages from the voir dire, defendant makes no attempt to factually develop the argument, and no legal authorities on the issue are even mentioned. The failure by defendant to provide any analysis whatsoever constitutes a waiver of the issue. *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998). Moreover, examining the pages of the transcript cited by defendant, the

jurors who spoke indicated that they ultimately could be fair and impartial. Reversal is unwarranted.[1]

Lastly, defendant asserts that the prosecutor mischaracterized the evidence and improperly vouched for the coworker's credibility in his opening statement and closing argument. We find that there was no mischaracterization of the evidence or improper vouching as claimed by defendant. Regardless, assuming prosecutorial misconduct, it was entirely harmless considering the overwhelming evidence of guilt and the court's instruction to the jury that the statements and arguments of counsel are not evidence. MCL 769.26; *People v Lukity*, 460 Mich 484, 495; 596 NW2d 607 (1999); *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009).

Affirmed.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Patrick M. Meter

---

[1] Defendant also argues that the trial court abused its discretion by denying his request for an evidentiary hearing, but we conclude that an evidentiary hearing would change nothing in analyzing the prejudice requirement of the ineffective assistance claim.