# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DEZMEN ROSHEA JONES,

        Defendant-Appellant.

UNPUBLISHED
January 23, 2018

No. 334955
Calhoun Circuit Court
LC No. 2016-000144-FC

Before: MURPHY, P.J., and SAWYER and BECKERING, JJ.

PER CURIAM.

A jury convicted defendant of first-degree murder, MCL 750.316, carrying a dangerous weapon with unlawful intent, MCL 750.226, carrying a concealed weapon (CCW), MCL 750.227, and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced to life imprisonment without the possibility of parole for the murder conviction, 47 to 90 months' imprisonment for the dangerous weapon and CCW convictions, and two years' imprisonment for each of the felony-firearm convictions. Defendant appeals as of right, and we affirm.

The prosecution presented evidence showing that defendant shot and killed the victim. Two witnesses, defendant's cousin and a friend, were with defendant and defendant's father in a vehicle around the time the shooting occurred, and they testified that defendant shot the victim, who was standing near a sidewalk when the vehicle carrying the four men pulled up. The only difference between the two accounts was that defendant's cousin testified that he believed that defendant exited the car and started shooting, whereas defendant's friend testified that defendant shot the victim from inside the car after rolling down the rear, passenger-side window. Another witness at the scene testified that she observed a hand reach out from the rear, passenger-side window and that gunshots then rang out. According to defendant's friend, after the shooting started, he heard defendant state, "I got him." The car carrying defendant sped off, and other witnesses at the scene identified the vehicle, which eventually led to arrests. Evidence was presented that defendant disposed of the firearm after the shooting, which gun was never recovered. The jury also heard testimony from an inmate who had been incarcerated with defendant, and he testified that defendant told him that he "wished he never killed that little n****r." Additionally, there was evidence that shortly before the shooting, the victim and defendant's father had engaged in a verbal altercation at a local nightclub.

-1-

Defendant first argues on appeal that the jury's verdict was against the great weight of the evidence. We disagree. Defendant has failed to demonstrate that the evidence showing that he committed the offenses contradicted indisputable physical facts or law, was patently incredible, defied physical realities, was so inherently implausible that a reasonable juror could not believe the evidence, or was so seriously impeached that it was deprived of all probative value. *People v Lemmon*, 456 Mich 625, 643; 576 NW2d 129 (1998); *People v Bosca*, 310 Mich App 1, 13; 871 NW2d 307 (2015). Because there were no exceptional circumstances, the issues concerning the credibility of witnesses and the resolution of conflicting testimony, which ultimately are the sole bases for defendant's appellate argument, were for the jury to determine, not the trial court or this Court. *Lemmon*, 456 Mich at 642-643. The discrepancy regarding whether defendant shot the victim from inside the car or outside the car did not render the verdicts against the great weight of the evidence; ultimately, both defendant's cousin and his friend asserted that defendant shot the victim. In sum, the evidence did not preponderate so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand. *People v Musser*, 259 Mich App 215, 218-219; 673 NW2d 800 (2003).

Next, defendant contends that trial counsel was ineffective. During his opening statement, counsel for defendant informed the jury as follows:

> And I spent a great deal of time, because, in fact, [defendant] was on the other side of town selling dope. I spent a great deal of time trying to find people he had bought dope from and I found a couple. I don't know if I'm going to be able to prove it. They're a bit reluctant to walk into . . . this court and testify that they bought dope—marijuana. But even without that alibi, the other information that you're going to receive from the other witnesses just isn't making a lot of sense.

Counsel never presented an alibi witness at trial. Therefore, defendant argues that counsel was ineffective for making the above-referenced remarks in his opening statement.

Whether counsel was ineffective presents a mixed question of fact and constitutional law, which we review, respectively, for clear error and de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). In *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001), our Supreme Court, addressing the basic principles governing a claim of ineffective assistance of counsel, observed:

> To justify reversal under either the federal or state constitutions, a convicted defendant must satisfy the two-part test articulated by the United States Supreme Court in *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). See *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not performing as the 'counsel' guaranteed by the Sixth Amendment." *Strickland, supra* at 687. In so doing, the defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *Id.* at 690. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.*

-2-

at 687. To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim. See *People v Hoag,* 460 Mich 1, 6; 594 NW2d 57 (1999).

An attorney's performance is deficient if the representation falls below an objective standard of reasonableness. *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000).

We are not prepared to find that trial counsel's performance was deficient. He did not definitively promise the jury that he would in fact produce an alibi witness. Indeed, despite the failure to produce an alibi witness, the statement could still be characterized as being beneficial to defendant, indicating personal knowledge by counsel of actual alibi witnesses that could exculpate defendant while providing a very believable reason why those witnesses might not come forward and testify, perhaps planting a seed of reasonable doubt.[1] Further, given the seriousness of the charges against defendant, the reference to defendant selling marijuana was hardly problematic or damaging, especially in today's culture. Finally, assuming deficient performance, defendant has not established the requisite prejudice, considering the overwhelming evidence of defendant's guilt. Had trial counsel not made the statement, we are confident that the jury would still have convicted defendant; the statement and production failure did not bring about defendant's convictions.

Affirmed.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Jane M. Beckering

---

[1] To be clear, we do not question the genuineness of counsel's opening statement.