*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GERALD JOSEPH QUAY,

        Defendant-Appellant.

UNPUBLISHED
March 11, 2021

No. 351022
Ionia Circuit Court
LC No. 2019-017739-FH

Before: REDFORD, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of three counts of delivery of methamphetamine, MCL 333.7401; possession of methamphetamine, MCL 333.7403; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to two years' imprisonment for felony-firearm. Consecutive to the felony-firearm count, the trial court sentenced defendant to concurrent sentences of 55 months to 20 years' imprisonment for delivery of methamphetamine, and 16 months to 10 years' imprisonment for possession of methamphetamine. We affirm.

On appeal, defendant first argues that defense counsel was ineffective when he failed to advise defendant to take a plea offer. We disagree.

Generally, whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. See *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). We review constitutional questions de novo and a trial court's factual determinations for clear error. *Id*. Although defendant has preserved the issue by filing a motion for remand in this Court, because this Court denied the motion and no evidentiary hearing has been held, review is limited to errors apparent on the lower court record. See *People v Abcumby-Blair*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 347369); slip op at 8.

"As at trial, a defendant is entitled to the effective assistance of counsel in the plea-bargaining process." *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014). To be

-1-

entitled to relief for ineffective assistance, a defendant must meet *Strickland*'s[1] two-pronged standard. *Id.* at 592. First, a defendant must establish deficient performance, which is that defense counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id.* This is a heavy burden for a defendant because defense counsel's performance is strongly presumed to be effective and sound trial strategy. *People v Dendel*, 481 Mich 114, 125; 748 NW2d 859 (2008), amended 481 Mich 1201 (2008).

Second, a defendant must establish prejudice, which is that, but for counsel's errors, there is a *reasonable probability* that the result of the proceeding would have been different. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In the context of pleas, a defendant must specifically show that the outcome of the plea process would have been different with competent advice. *Douglas*, 496 Mich at 592. Our Supreme Court has applied the following three-part test when a defendant claims ineffective assistance for rejecting a plea offer and standing trial: defendant must show that, but for the ineffective advice of counsel, (1) there is a reasonable probability that the plea offer would have been presented to the trial court (i.e., that the defendant would have accepted the plea), (2) that the trial court would have accepted the terms of the offer, and (3) that, under the plea offer's terms, the conviction or sentence would have been less severe than under the judgment and sentence that in fact were imposed. *Id.* Because it is a defendant's burden to prove both deficient performance and prejudice, it is also the defendant's burden to establish the factual predicate for the claim. *Id.*

Defendant argues that, because of defense counsel's bad advice, defendant did not understand that the plea offer would mean he would not have to automatically serve two years for felony-firearm in addition to the controlled substance charges. This argument lacks merit. Both plea offers were placed on the record in defendant's presence. Both times, defendant told defense counsel that he would not be accepting the plea. Moreover, both times, the record indicated that defense counsel had previously discussed the plea offer with defendant. The first plea offer was explained on the record as including "plus two years for felony firearm." Defense counsel then asked defendant, "*And we've discussed that* and it's your wish at this time to not take advantage of this plea agreement and move forward with the preliminary examination?" (Emphasis added.) Defendant responded affirmatively. The second plea offer was explained on the record by the prosecutor as including "dismissal of the Felony Firearm." The trial court clarified this with the prosecution, referring to the charges that would be dismissed pursuant to the plea and asking, "Including the Felony Firearm?" to which the prosecutor responded, "Including the Felony Firearm." The court then addressed defendant. The court stated, "*I know that [defense counsel] has met with you and discussed* the Habitual Offender and the fact that the Felony Firearm is a mandatory two-year sentence, so you would be required to serve that, in addition, then, to other matters, to any other sentence that is imposed." (Emphasis added.) The trial court also specifically told defendant that there "have been situations where people have regretted not taking advantage" of the plea. Nevertheless, defendant stated that he would proceed to trial.

The record supports that defense counsel did discuss the plea beforehand with defendant. If that were not true, then defendant could have told the trial court or defense counsel that he did

---

[1] *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

not understand the plea or did not want to accept. But defendant chose to go through with the trial despite being informed that the felony-firearm charge and two-year sentence would be dismissed pursuant to the plea. Defendant appears to be looking at the plea offer in hindsight and now regrets that the deal was much better than the outcome. But defendant is not able to retroactively take the plea deal, which was explained to him on the record and which he expressly rejected. Defendant's claim that counsel was ineffective necessarily fails because he cannot establish the factual predicate of his claim. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Defendant has failed to overcome the strong presumption that counsel was effective. See *Douglas*, 496 Mich at 592.

Even assuming that defense counsel's advice was ineffective, defendant cannot show prejudice. The record does not indicate that the offer would have been presented to the trial court, i.e., that defendant would have accepted it. See *id*. That is, it does not appear that counsel's advice "affected this particular defendant's decision to reject the pleas in this case in light of his protestations of innocence." *Id*. at 595. Defendant took the stand and presented his own defense. Even though defendant admitted to having a small amount of methamphetamine in his apartment and admitted to selling methamphetamine, he denied that he ever sold any methamphetamine to his cousin, Angelia Cesar. He also claimed that the marked $100 that was found in his wallet was for child support, not methamphetamine. The full body of defendant's testimony undermines the credibility of his assertions on appeal that any misinformation regarding the sentence he faced at trial meaningfully influenced his decision to reject the prosecution's plea offer. See *id*. at 597. Therefore, there is not a reasonable probability that defendant was prejudiced by defense counsel's performance.

Next, defendant argues that his due-process rights were violated because he was entrapped by the police during the drug transaction and that defense counsel was ineffective because he did not raise an entrapment defense at trial.

Generally, whether entrapment occurred is determined by considering the facts of each case and is a question of law for this Court to review de novo." *People v Fyda*, 288 Mich App 446, 456; 793 NW2d 712 (2010). Because defendant failed to preserve the issue of entrapment in the trial court, our review is limited to plain error. See *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999); see also *People v Danto*, 294 Mich App 596, 605; 822 NW2d 600 (2011). Defendant has the burden of establishing by a preponderance of the evidence that he was entrapped. *People v Johnson*, 466 Mich 491, 498; 647 NW2d 480 (2002).

Under Michigan law, a defendant is considered entrapped if either (1) the police engaged in impermissible conduct that would induce a law-abiding person to commit a crime in similar circumstances or (2) the police engaged in conduct so reprehensible that it cannot be tolerated. *Id*. In this case, defendant focuses on the first entrapment test. When examining whether governmental activity would impermissibly induce criminal conduct, this Court applies the following factors:

> (1) whether there existed appeals to the defendant's sympathy as a friend, (2) whether the defendant had been known to commit the crime with which he was charged, (3) whether there were any long time lapses between the investigation and the arrest, (4) whether there existed any inducements that would make the

-3-

commission of a crime unusually attractive to a hypothetical law-abiding citizen, (5) whether there were offers of excessive consideration or other enticement, (6) whether there was a guarantee that the acts alleged as crimes were not illegal, (7) whether, and to what extent, any government pressure existed, (8) whether there existed sexual favors, (9) whether there were any threats of arrest, (10) whether there existed any government procedures that tended to escalate the criminal culpability of the defendant, (11) whether there was police control over any informant, and (12) whether the investigation was targeted. [*Id*. at 498-499.]

Presenting nothing more than an opportunity to commit the crime does not equate with entrapment. *Id*. at 503.

In this case, defendant has not met his burden to show entrapment. Defendant first argues that the police exploited his relationship with Cesar, that Cesar repeatedly asked defendant to sell her meth, and that Cesar played on defendant's sympathies by offering to pay his child support. Although these are factors that this Court should consider, this argument is not supported by the record. See *id*. at 488-489.

Defendant and Cesar did have a long relationship. In fact, they grew up together, they were biological cousins, and Cesar would regularly stop in to visit with defendant. But there is no evidence that police exploited this relationship. Cesar explained that if she wanted methamphetamine, she would just call defendant ahead of time. The only testimony regarding the dialogue between defendant and Cesar was that Cesar would call and say, "I need two fifties," which was explained to be a certain quantity of methamphetamine. Then Cesar would give the money to defendant's ex-wife, and defendant would hand Cesar the drugs. There is no evidence that Cesar had to ask more than once on a given occasion to receive methamphetamine. From the record, it appears that she would simply call, and the methamphetamine would be ready for her to pick up when she arrived at defendant's house. Therefore, defendant's claim that his relationship with Cesar was exploited and that he was relentlessly asked by Cesar to sell him methamphetamine is contradicted by the record.

Further, Cesar did not exploit the fact that defendant needed money for child support. During the third transaction, Cesar explained that she gave defendant money for his child support. However, there is no correlation between the money for child support and the sale of methamphetamine. It appears that defendant sold Cesar methamphetamine, and that Cesar was going to give defendant money for his child support on separate instances. Therefore, Cesar did not play on defendant's sympathies to pay his child support in order to get him to sell her methamphetamine.

Defendant also argues that Cesar was unsupervised and had unfettered control over her interactions with defendant, which is also a factor that we consider. See *id*. However, Cesar was under the control of police for each transaction. Cesar was searched and briefed by police before each transaction. Police gave Cesar a recording device to take with her during the transaction. Police drove Cesar to each transaction, waited outside during each transaction, and picked up Cesar after each transaction. Therefore, this factor weighs against entrapment.

Further, defendant's claim that there was no evidence that defendant supplied methamphetamine to anyone other than Cesar is incorrect. Defendant made admissions to police that he sold methamphetamine. Additionally, police found a long gun, scales, marked money, plastic baggies, methamphetamine, and paraphernalia, which were all consistent with drug-dealing activity. This case does not involve entrapment because "the government simply provided defendant with an additional opportunity to commit a crime that he had previously committed." *Id*. at 503.

The transaction between defendant and Cesar appeared to be a routine drug transaction. Therefore, defendant has failed to overcome his plain-error burden that he was entitled to the defense of entrapment. See *Carines*, 460 Mich at 764.

Defendant did not have a valid claim for entrapment, and defense counsel is not ineffective for failing to make futile challenges. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). "That the strategy [defense counsel] chose ultimately failed does not constitute ineffective assistance of counsel." *People v Kevorkian*, 248 Mich App 373, 414-415; 639 NW2d 291 (2001). Because there is no basis to conclude that a reasonable probability exists that an entrapment defense would have been successful, defense counsel's failure to pursue this defense does not constitute ineffective assistance of counsel. See *Dendel*, 481 Mich at 125.

Affirmed.

/s/ James Robert Redford
/s/ David H. Sawyer
/s/ Mark T. Boonstra