*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ROGERS/TOUPIN, Minors.

UNPUBLISHED
October 14, 2024
11:38 AM

No. 369855
Crawford Circuit Court
Family Division
LC No. 20-004579-NA

Before: YATES, P.J., and CAVANAGH and MARIANI, JJ.

PER CURIAM.

Respondent-mother appeals of right the termination of her parental rights to her three minor children—JR1, JR2, and JT—on two independent statutory grounds, i.e., MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist at least 182 days after initial dispositional order and no reasonable likelihood conditions will be rectified within a reasonable time) and MCL 712A.19b(3)(j) (reasonable likelihood children will be harmed if returned to home of parent). On appeal, respondent-mother asserts that the trial court erred when it relied on her marijuana use as a basis for terminating her parental rights. She also argues that she received ineffective assistance of counsel when her attorney did not move to reopen the proofs to present evidence that a witness at the termination trial had her professional license revoked. We affirm.

## I. FACTUAL BACKGROUND

Respondent-mother has an extensive history with Children's Protective Services (CPS). In this case, an investigation started after an incident in November 2020, when respondent-mother was pulled over for erratic driving and subsequently admitted to police officers that she had just smoked marijuana laced with methamphetamine before driving. At that time, one of the minor children was in the car and was improperly secured. Shortly thereafter, a petition was filed which sought the removal of JR1, JR2, and JT. In addition to substance abuse, the petition listed improper supervision and physical neglect as reasons that respondent-mother could not provide proper care for her three minor children. After an adjudication trial, the trial court decided that petitioner had established the statutory grounds identified in the petition and assumed jurisdiction of the minor

-1-

children. As part of the parent-agency treatment plan for respondent-mother, she was prohibited from consuming marijuana.

For some time during this case, respondent-mother was making progress toward rectifying the barriers to reunification with her children, but that progress eventually ceased, and she reverted to her previous behavior. In April 2023, petitioner filed an amended petition seeking termination of her parental rights to the three minor children. A termination hearing took place over four days in July 2023, November 2023, and January 2024.

Before the trial court rendered its ruling at the January 2024 hearing, respondent-mother's counsel informed the trial court that there was new information about Lisa Bobzien, a witness who had testified about her involvement as a case worker who provided services to respondent-mother. Counsel said he had a document from the Michigan Certified Board of Addiction Professionals that listed ethics violations, and that this document showed that Bobzien's license was revoked in December 2022. Respondent-mother's counsel also informed the trial court that Bobzien had died in December 2023. He noted that an autopsy was going to be performed, and the death was being investigated as a potential drug overdose. In response, the trial court noted that the proofs were closed, and that it could not consider new information unless respondent-mother moved to reopen the proofs. Respondent-mother's counsel did not move to reopen the proofs, and the trial court then proceeded to make its findings on the record.

The trial court stated that the case had been open for a lengthy period of time, which at that point was more than 1,000 days. The trial court credited the testimony that respondent-mother had been doing well and progressing in the services offered to her under the treatment plan until about October 2022, when she reverted back to her prior negative behavior. The trial court found that respondent-mother's drug use continued throughout the case, and there was a "significant relapse" within six or seven months of the termination hearing beginning, referring to two drug screens that resulted in positive tests for cocaine in December 2022.

The trial court found that respondent-mother was at times not truthful in her testimony and she lacked insight into her issues, as illustrated by her belief that she could do whatever she wanted when her children were not with her, especially concerning substance abuse and the people she allowed in the home. The trial court found respondent-mother lied when she testified that no one told her that she could not consume marijuana. The trial court noted that when she was questioned about the parent-agency treatment plan, it became clear respondent-mother had been put on notice that she could not consume marijuana. The trial court also credited the testimony that respondent-mother had missed drug screens.

The trial court found that respondent-mother was combative and uncooperative with CPS, which made it difficult for CPS to make progress with her. The trial court noted that respondent-mother did not have stable and safe housing and the children were doing well in their placements. The trial court did identify the positive report regarding respondent-mother's behavioral treatment, although it also noted that this report was based largely on respondent-mother's own self-reporting. The trial court found that respondent-mother's negative behavior three years into the case was an indication that she still did not have her mental-health issues under control. The trial court found that this behavior reflected a lack of control of her emotions and a lack of understanding of how

-2-

to appropriately address the needs of herself and her children. In making these findings, the trial court noted that most of Bobzien's testimony was cumulative of other evidence in the record.

The trial court found that termination pursuant to MCL 712A.19b(3)(c)(*i*) was appropriate because the conditions that led to adjudication had not been rectified. The trial court further found that petitioner had established that termination was appropriate under MCL 712A.19b(3)(j). The trial court based those findings on the lack of compliance with the parent-agency treatment plan, respondent-mother's lack of progress during the case, her poor decisions, and her continued drug use. The trial court stated that the children were entitled to permanency and stability, and that they should not have to wait on the mere possibility that respondent-mother would progress to a point that she could appropriately parent her children. The trial court concluded that respondent-mother had made progress, but she had not progressed to a point where she could parent her children. The trial court also decided that it was in the children's best interests to terminate respondent-mother's parental rights, so the trial court entered an order terminating respondent-mother's parental rights. This appeal followed.

## II. LEGAL ANALYSIS

On appeal, respondent-mother insists that the trial court erred by relying on her marijuana use as a basis for finding that statutory grounds for termination existed. She also contends that she received ineffective assistance of counsel. We will address each argument in turn.

## A. STATUTORY GROUNDS

Respondent-mother claims the trial court lacked a statutory basis to terminate her parental rights. Specifically, she alleges that the trial court impermissibly relied on her use of marijuana as a basis for terminating her parental rights. Although the trial court did rely on respondent-mother's marijuana use to support its finding that termination was warranted under MCL 712A.19b(3)(c)(*i*) and (j), the trial court did not clearly err in finding that termination of respondent-mother's parental rights was appropriate.

We review "for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014); see also MCR 3.977(K). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004). We afford "deference to the trial court's special opportunity to judge the credibility of the witnesses." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). "It is not for this Court to displace the trial court's credibility determination." *Id*. at 460. We review the interpretation and application of statutes and court rules de novo. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014).

The court may terminate parental rights under MCL 712A.19b(3)(c)(*i*) if "[t]he parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds . . . the conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." Pursuant

to MCL 712A.19b(3)(j), termination may be ordered if "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if the child is returned to the home of the parent."

As this Court has decreed, a parent's "drug use alone, in the absence of any connection to abuse or neglect, cannot justify termination solely through operation of the doctrine of anticipatory neglect." *In re LaFrance*, 306 Mich App 713, 731; 858 NW2d 143 (2014). Even if a parent has a "history of substance abuse, not every ingestion of a substance constitutes abuse, especially when viewed in the larger context of whether there is an effect of the substance use on the child or on the parent's parenting ability." *In re Richardson*, 329 Mich App 232, 255; 961 NW2d 499 (2019). Use of marijuana may be an appropriate basis for terminating parental rights if the record contains "evidence demonstrating that [a parent]'s use of medical marijuana interfered with her parenting" and "facts within the record demonstrating that the parent's acts are actually harming or presenting an articulable risk of harm to the child . . . ." *Id*. at 253, 255. Further, "a parent's failure to comply with the terms and conditions of his or her service plan is evidence that the child will be harmed if returned to the parent's home." *In re White*, 303 Mich App at 711.

Here, the trial court determined that termination of respondent-mother's parental rights was warranted under MCL 712A.19b(3)(c)(*i*) and (j). According to the petition, the conditions that led to adjudication included improper supervision, physical neglect, and substance abuse, which was highlighted by an arrest for operating while intoxicated in which respondent-mother told the police she had consumed marijuana laced with methamphetamine before driving. During that incident, one of the minor children was in the car. During the termination hearing, the trial court found that respondent-mother had made some progress, but that she had still failed to rectify the conditions that led to adjudication, therefore warranting termination under MCL 712A.19b(3)(c)(*i*). The trial court also determined that termination was warranted under MCL 712A.19b(3)(j).

On appeal, respondent-mother asserts that the trial court erred in relying on her marijuana use to terminate her parental rights, but respondent-mother offers minimal analysis or authority to support that claim. Specifically, she contends that the trial court failed to recognize marijuana is a legal substance. Without the benefit of any supporting authority, she argues that petitioner could not prohibit her from using marijuana during the case unless her marijuana use was harmful to the children. She further contends that the trial court lumped together her drug tests that were positive for cocaine with her continued use of marijuana, but did not explain how her continued marijuana use presented an unreasonable danger to her minor children.

Significantly, respondent-mother does not challenge the trial court's finding that statutory grounds for termination existed. She does not contest the trial court's findings that the conditions that led to adjudication still existed and there was no reasonable likelihood that those conditions would be rectified within a reasonable time. The conditions that led to adjudication were improper supervision, physical neglect, and substance abuse. Although respondent-mother contends that it was wrong for the trial court to rely on her marijuana use as a basis for termination, she does not claim that she had rectified her substance-abuse issue. Moreover, any such argument would have been futile because the evidence overwhelmingly indicated that substance abuse was a continuing issue that negatively affected her ability to parent. The evidence established that she used cocaine seven months before the termination hearing began, that she used marijuana throughout the case, and that she repeatedly missed drug screens.

Instead of asserting she had rectified her substance-abuse issue, respondent-mother claims that the trial court somehow erred by relying on her marijuana use as a basis for termination. This argument is meritless. Substance abuse cannot justify termination absent any connection to abuse or neglect of the children, see *In re LaFrance*, 306 Mich App at 731, but the connection is obvious in this case based on respondent-mother's history of driving the children while intoxicated and the fact that two of the children were born with THC in their system.

The record offers no indication that the trial court conflated respondent-mother's marijuana and cocaine use, and it reveals the trial court's awareness that marijuana is a legal substance. The trial court engaged in a colloquy with respondent-mother in which the court expressly recognized that marijuana was legal. Further, respondent-mother has not established that it was error for the parent-agency treatment plan to include a prohibition of marijuana use. She has offered no factual support or legal authority for her suggestion that it was improper for the parent-agency treatment plan to include a prohibition of marijuana use. Moreover, as previously explained, the harm to the children resulting from her marijuana use was obvious.

Respondent-mother has not shown that the trial court clearly erred when it found that her substance abuse had not been rectified, and her argument that the trial court otherwise improperly relied on her marijuana use as a basis for terminating her parental rights is unpersuasive. Beyond that, respondent-mother has failed to address any of the trial court's other findings regarding other barriers to reunification that she did not rectify. Because respondent-mother has not demonstrated that the trial court committed clear error when it found that termination was warranted pursuant to MCL 712A.19b(3)(c)(*i*), we affirm the trial court's finding that a statutory ground for termination of parental rights existed. "Having concluded that at least one ground for termination existed, we need not consider the additional grounds upon which the trial court based its decision." *In re HRC*, 286 Mich App at 461. Accordingly, we need not separately analyze the trial court's determination that termination of respondent-mother's parental rights was warranted under MCL 712A.19b(3)(j).

B. INEFFECTIVE ASSISTANCE OF COUNSEL

Respondent-mother claims her trial counsel was ineffective for failing to move to reopen the proofs to present new evidence to the trial court. She argues that her trial counsel should have moved to reopen the proofs to present evidence that Lisa Bobzien, a witness who had testified at the termination hearing, had lost her professional license and had also died since she testified. We conclude that respondent-mother has not established that she received ineffective assistance.

To obtain relief for ineffective assistance of counsel, respondent-mother must demonstrate "that counsel's performance was deficient, falling below an objective standard of reasonableness, and that (2) the deficient performance prejudiced the respondent." *In re Martin*, 316 Mich App 73, 85; 896 NW2d 452 (2016). Because effective assistance of counsel "is presumed," "the party claiming ineffective assistance bears a heavy burden of proving otherwise." *In re Casto*, 344 Mich App 590, 612; 2 NW3d 102 (2022). In examining this claim, "[w]e review for clear error a trial court's factual findings, and questions of constitutional law are reviewed de novo." *Id*. at 610.

Respondent-mother contends her counsel was ineffective for failing to move to reopen the proofs to admit evidence regarding Bobzien's license revocation and death. Respondent-mother insists this evidence established that Bobzien was not truthful when she testified. At the hearing,

Bobzien testified that she had been involved in providing services to respondent-mother and her children from October 2022 to May 2023. She testified that she had been involved in drug testing respondent-mother, including several failed attempts to get her to submit to a drug test. Bobzien explained that respondent-mother tested positive for cocaine on two occasions in December 2022, and had subsequent tests that were positive for marijuana. In addition, she testified about multiple altercations involving respondent-mother as well as various incidents of police contact with her.

Bobzien's testimony referred to instances in which respondent-mother lied to her and was combative, uncooperative, and unstable. Bobzien discussed the negative impact that respondent-mother's behavior had on her children. She said respondent-mother's compliance with the case service plan was "not great," and that respondent-mother told her that she was going to continue to use marijuana no matter what. At the hearing, trial counsel raised the issue of new evidence about Bobzien, but the trial court responded that it could only consider evidence if the proofs were reopened. In light of that response from the trial court, trial counsel did not pursue the issue further.

On appeal, respondent-mother does not explain how Bobzien's alleged license revocation or death suggests that she was untruthful, whether that new evidence affected all or only some of Bobzien's testimony, or how that should influence the trial court's decision regarding termination. The record includes scant information about the evidence. Regarding Bobzien's death, it is unclear how that development could be relevant to the termination proceedings, especially when the cause of her death seems, at best, a matter of speculation.

The revocation of Bobzien's professional license certainly could weigh on her credibility as a witness. But without any information about the cause of that revocation, it is not possible for this Court to determine whether counsel's handling of the matter fell below an objective standard of reasonableness. Presuming trial counsel was correct in stating that Bobzien's license had been revoked, nothing in the record even suggests why that revocation occurred or how that revocation affected her credibility. Respondent-mother concludes that the evidence established that Bobzien was not truthful, but that claim lacks the factual support necessary for respondent-mother to carry her burden of establishing the factual predicate of her claim of ineffective assistance of counsel. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). On this record, we cannot conclude that trial counsel's performance fell below an objective standard of reasonableness when he did not file a motion to reopen the proofs.

To obtain relief on this issue, respondent-mother would also have to establish that there is a reasonable probability that the outcome would have been different, i.e., that if trial counsel had moved to reopen the proofs, that motion would have been granted and the new evidence would have altered the outcome of the case. *In re Casto*, 344 Mich App at 612. The record is devoid of evidence this Court can consider to decide whether the new information would have had any effect on Bobzien's credibility. Moreover, the trial court noted in its oral ruling that Bobzien's testimony was largely cumulative of other evidence, which further undermines the argument that the outcome of the termination trial would have been different had the new information been admitted. Thus, respondent-mother has failed to establish that she is entitled to relief based on ineffective assistance of counsel.

Affirmed.

/s/ Christopher P. Yates
/s/ Mark J. Cavanagh
/s/ Philip P. Mariani