*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RUDY ASHTON MCPHAUL,

Defendant-Appellant.

UNPUBLISHED
December 12, 2025
8:35 AM

No. 372003
Wayne Circuit Court
LC No. 24-000836-01-FC

Before: TREBILCOCK, P.J., and PATEL and WALLACE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of voluntary manslaughter, MCL 750.321. Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 25 to 75 years' imprisonment. We affirm.

## I. BACKGROUND

This case arises from the death of Marcus Goins, Jr., after he was stabbed by defendant during a fight at Shanta Howse's townhouse. Howse, defendant's ex-wife, testified that Goins, her boyfriend at the time, got into a fight with defendant when defendant unexpectedly arrived to pick up their mutual child. During the fight, Goins asked Howse "where[s] your gun, get your gun, get your gun," and threatened defendant, by saying that he's "been waiting on to get him." Defendant stabbed Goins three times, causing him to die from a myocardial rupture.

Defendant was charged with second-degree murder. He asserted self-defense at trial. The parties discussed jury instructions after the prosecution rested its case. The prosecution argued that a self-defense instruction was unsupported, claiming a lack of evidence establishing that defendant was in fear for his life during the fight. Conversely, defense counsel argued that the evidence, which included Howse's testimony, supported a self-defense and defense-of-others jury instruction. The trial court ultimately included a self-defense jury instruction. Given that a self-defense jury instruction was going to be presented to the jury without defendant's testimony, defendant did not testify, nor did the defense call any witnesses. The jury returned a verdict finding defendant guilty of the lesser included offense of voluntary manslaughter. Defendant now appeals.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues, through his appellate counsel and in his Standard 4 brief, that he is entitled to a new trial or a remand for a *Ginther*[1] hearing because his trial counsel was ineffective for not calling him to testify. Specifically, defendant argues that his testimony was necessary to establish the state of mind required for self-defense. We disagree.

### A. STANDARD OF REVIEW

An ineffective-assistance-of-counsel claim presents a "mixed question of fact and constitutional law." *People v Yeager*, 511 Mich 478, 487; 999 NW2d 490 (2023). We review de novo constitutional questions, while we review the trial court's findings of fact, if any, for clear error. *Id*. To preserve a claim of ineffective assistance of counsel, a defendant must raise the issue in a motion for a new trial or a *Ginther* evidentiary hearing filed in the trial court, *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012), or in a motion to remand for a *Ginther* hearing filed in this Court, *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). Defendant did none of these things and thus our review of this unpreserved issue is limited to errors apparent on the record. *Abcumby-Blair*, 335 Mich App at 227.

### B. LAW AND ANALYSIS

The United States and Michigan Constitutions afford criminal defendants the right to effective assistance of counsel. *Yeager*, 511 Mich at 488, citing Const 1963, art 1, § 20; US Const Am VI; *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). To prevail on a claim of ineffective assistance, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that [the] outcome would have been different." *Yeager*, 511 Mich at 488 (cleaned up). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (cleaned up). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018) (cleaned up).

We will not second-guess matters of trial strategy or "assess counsel's competence with the benefit of hindsight." *Abcumby-Blair*, 335 Mich App at 237 (cleaned up). "Decisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy[.]" *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). "A particular strategy does not constitute ineffective assistance of counsel simply because it does not work." *People v Carll*, 322 Mich App 690, 702; 915 NW2d 387 (2018) (cleaned up).

### 1. FAILURE TO CALL DEFENDANT TO TESTIFY

Defendant has not overcome the strong presumption that his trial counsel made a reasonably strategic decision when advising him not to testify. First, defendant's testimony was not required to establish self-defense. Michigan law is clear that a defendant can "show his state

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

of mind by circumstantial evidence to establish that he acted in self-defense" and that he "need not take the stand and testify." *People v Hoskins*, 403 Mich 95, 100; 267 NW2d 417 (1978). Furthermore, requiring a defendant to testify, even when claiming self-defense, would violate the defendant's Fifth Amendment right against self-incrimination and the defendant's "right to have the prosecutor prove beyond a reasonable doubt that he was not acting in self-defense." *Id.*

Trial defense counsel had an objectively reasonable basis to believe that the evidence he introduced, if taken by the trier of fact to be true, was sufficient to establish self-defense. For example, Howse testified that Goins was irate with defendant, and began cussing and yelling at him. Goins then threw the first punch and asked Howse for a gun during the fight. At some point, Goins threatened defendant by saying that he's "been waiting on to get him." This testimony provided sufficient circumstantial evidence for the jury to conclude that defendant feared for his life or great bodily harm during the fight, without defendant's testimony.

Defendant's argument hinges on the lack of evidence regarding his state of mind at the time of the stabbing. The jury heard a recording of defendant telling someone that he was unaware if the victim or Howse had a gun during the fight. Defendant now claims, in his Standard 4 brief, that the victim had a gun during the fight. The evidence presented at trial and his prior statement do not support this claim. If defendant had testified, he risked contradicting his prior statement and being impeached, which could have undermined the circumstantial evidence that supported his self-defense theory.

For these reasons, the trial court record does not support that trial counsel's decision to not call defendant to testify was objectively unreasonable.

## 2. OTHER ALLEGED FAILURES RAISED IN STANDARD 4 BRIEF

Defendant further argues, in his Standard 4 brief, that his trial counsel was ineffective for not mentioning that the victim had a gun during the fight, not mentioning that the Law Enforcement Information Network (LEIN) indicated that Howse's townhouse was defendant's home address, not fingerprinting Howse's gun, not calling defendant's son to testify, not conferencing with "witness," and arguing with the trial judge about a personal matter. We disagree.

Defendant argues that his trial counsel was deficient for not mentioning that the victim had a gun during the fight and by not fingerprinting Howse's gun. However, "defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel" and has failed to do so. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Defendant's allegations are wholly unsupported by the trial court record. For example, defendant was recorded saying, "I don't know if he [the victim] had a gun, I don't know if Shanta [Howse] had a gun." Additionally, testimony established that no gun was found on the victim or at the scene, other than Howse's gun that was untouched and downstairs during the fight. Further, the victim was transported to the hospital in his underwear, leaving no possibility that a gun was lost or disposed of en route to the hospital. Defendant's argument has no merit on the record before us, and defendant has failed to offer evidence establishing otherwise.

Defendant also cursorily alleges that his trial counsel was ineffective for not mentioning that the LEIN indicated that Howse's townhouse was defendant's home address, not calling

defendant's son to testify at trial, not investigating threats made to Howse, and not conferencing with "witness." Like the arguments above, defendant has not shown that he is entitled to relief on these alleged issues because "defendant has failed to establish the factual basis" for his claim. *Hoag*, 460 Mich at 7 n 5. First, defendant has provided no evidence that LEIN indicated that Howse's townhouse was defendant's home address or how it would have made a different outcome at trial reasonably probable. Second, defendant has provided no evidence regarding what his son would testify about or how it would have made a different outcome at trial reasonably probable. Third, defendant has provided no evidence that the victim's family threatened Howse or how establishing this fact would have made a different outcome at trial reasonably probable. Fourth, defendant has provided no evidence regarding who the "witness" is that he believes should have testified, what the testimony would have established, or how it would have made a different outcome at trial reasonably probable. Defendant has failed to establish a factual basis for his cursory allegations supporting his claim of ineffective assistance of counsel; therefore, his claims have no merit.

Lastly, defendant's trial counsel was not ineffective for having an argument with the judge regarding a scheduling conflict. The conversation between defendant's trial counsel and the trial judge was not unprofessional. The record does not indicate any name calling, swearing, or yelling. Rather, defendant's trial counsel was firmly advocating for the case to resume on a mutually agreeable date and time, and doing so in a professional manner is not objectively unreasonable. Furthermore, "the initial assumption is that a trial judge designs to be impartial," and defendant has offered no factual support to show otherwise. *People v Stevens*, 498 Mich 162, 175; 869 NW2d 233 (2015). Defendant has not established that his trial counsel's conversation with the judge about a scheduling conflict was objectively unreasonable or that it affected the outcome of his trial.[2]

Affirmed.

/s/ Christopher M. Trebilcock
/s/ Sima G. Patel
/s/ Randy J. Wallace

---

[2] Defendant alternatively requests a remand for a *Ginther* hearing. A defendant is only entitled to a *Ginther* hearing if he sets forth "additional facts that would require development of a record to determine if defense counsel was ineffective . . . ." *People v Williams*, 275 Mich App 194, 200; 737 NW2d 797 (2007). Under MCR 7.211, a motion to remand to the trial court for an evidentiary hearing "must be supported by affidavit or offer of proof regarding the facts to be established at a hearing." Defendant has only provided cursory allegations to support remand for a *Ginther* hearing.. He has not provided an affidavit or offer of proof related to the facts to be established at the hearing. Defendant's cursory allegations do not entitle him to a *Ginther* hearing.