*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PRICE/GRIGGS-PRICE/HICKS-PRICE,
Minors.

UNPUBLISHED
September 10, 2025
12:00 PM

No. 371923
Wayne Circuit Court
Family Division
LC Nos. 2003-415987-NA;
          2023-001170-NA;
          2023-001213-NA;
          2023-001867-NA

Before: ACKERMAN, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's orders terminating his parental rights to his minor children, SLHP,[1] JKP, JEZP, BCEP, and AHGP. On appeal, he challenges the trial court's acceptance of his no-contest plea to the statutory grounds for jurisdiction and termination, the best-interests determination, and the effectiveness of trial counsel. We affirm.

## I. BACKGROUND

This case arises from the termination of respondent's parental rights to his five children after SLHP disclosed sexual abuse committed by respondent. Following SLHP's disclosure, one of respondent's adult children, AP, also alleged past sexual abuse, though Child Protective Services (CPS) was unable to substantiate that allegation.

The Department of Health and Human Services (DHHS) thereafter petitioned to terminate respondent's parental rights to all five minor children at the initial disposition based on respondent's sexual abuse of SLHP. Respondent ultimately entered a no-contest plea to the

---

[1] During the pendency of the proceedings, SLHP's initials changed to TP. To avoid confusion, because the trial court referred to the minor as "SLHP," we also use those initials.

statutory grounds for jurisdiction and termination. Following a best-interests hearing, the trial court concluded that termination was in the children's best interests and terminated respondent's parental rights. Respondent now appeals.

## II. DISCUSSION

### A. NO-CONTEST PLEA

Respondent first contends that his no-contest pleas to the jurisdictional and statutory grounds were not made knowingly and voluntarily and that the trial court erred in accepting them.

Respondent did not move to withdraw his plea or otherwise challenge his no-contest plea in the trial court, so our review is for plain error affecting substantial rights. *In re Pederson*, 331 Mich App 445, 462; 951 NW2d 704 (2020); *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011). "This standard requires a respondent to establish that (1) error occurred; (2) the error was plain, i.e., clear or obvious; and (3) the plain error affected their substantial rights. And the error must have seriously affected the fairness, integrity, or public reputation of judicial proceedings." *In re Walters*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 369318); slip op at 7 (cleaned up). To establish prejudice, respondent must demonstrate that the error affected the outcome of the proceedings. *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008).

As an initial matter, respondent waived his challenge to the no-contest pleas. Waiver is "the intentional relinquishment or abandonment of a known right." *In re MJC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365616); slip op at 3 (citation omitted). "A party who waives a right is precluded from seeking appellate review based on a denial of that right because waiver eliminates any error." *Id.* (citation omitted). At the plea hearing, the trial court conducted a colloquy to ensure respondent understood the consequences of his plea, including the waiver of trial and of the right to subpoena and cross-examine witnesses. After the colloquy, the court found that respondent's plea was knowing and voluntary, a factual basis supported the plea, and statutory grounds existed to exercise jurisdiction. The court asked whether the parties were satisfied with the colloquy, and respondent's counsel replied, "Satisfied, Your Honor." That affirmative acquiescence waived any challenge to the adequacy of the colloquy. See *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011) ("Respondent may not assign as error on appeal something that she deemed proper in the lower court because allowing her to do so would permit respondent to harbor error as an appellate parachute.").

Even absent waiver, respondent would not be entitled to relief because he has not demonstrated plain error affecting his substantial rights. Respondent asserts that his pleas were not knowingly or voluntarily made because the trial court did not advise him that his pleas could be used as evidence against him in subsequent termination proceedings. He relies on MCR 3.971(B)(4), which provides, in relevant part, that a court must inform a respondent "of the consequences of the plea, including that the plea can later be used as evidence in a proceeding to terminate parental rights" before accepting the plea.

In *Pederson*, this Court considered whether a trial court's failure to advise the respondents of "the consequences of the plea" under MCR 3.971(B)(4) deprived them of due process.

*Pederson*, 331 Mich App at 463, 465. The Court held that the trial court erred by failing to comply with the rule. Nevertheless, the Court concluded that the error was not outcome-determinative, emphasizing that the respondents had been advised of most of the rights they were waiving by entering their pleas, had ample opportunity to consider their decisions and consult with counsel, and were specifically informed that, as a consequence of their pleas, they would be required to comply with their case service plans and could lose their parental rights if they failed to do so. *Id*. at 466-469. On that record, the Court determined that it "cannot conclude . . . that respondents' pleas were not knowingly or voluntarily made or that respondents' decision to plead affected the adjudicative or dispositional stages of the proceeding . . . ." *Id*. at 470.

The same is true here. The record shows that the trial court advised respondent of most of the rights enumerated in MCR 3.971 before accepting his pleas, including the right to counsel, MCR 3.971(B)(2); the right to a trial at which petitioner would have to prove the petition allegations by a preponderance of the evidence, MCR 3.971(B)(3)(b); and the right to subpoena and cross-examine witnesses, MCR 3.971(B)(3)(d)-(e). Moreover, given the protracted nature of the proceedings, the record supports that respondent had ample time to discuss the decision and its consequences with counsel. Respondent also knew that a redacted copy of the CPS investigation report, which detailed the allegations against him, was being used as the factual basis for his pleas. Under those circumstances, we are satisfied that respondent's no-contest pleas were made with "sufficient awareness of the relevant circumstances and likely consequences." *Pederson*, 331 Mich App at 464 (cleaned up). Respondent therefore has not established plain, outcome-determinative error.

## B. BEST INTERESTS

Respondent next challenges the trial court's best-interests determination. We review a trial court's best-interests determination for clear error. *In re Olive/Metts*, 297 Mich App 35, 40-41; 823 NW2d 144 (2012). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021).

With respect to termination, "[t]he focus of the best-interests inquiry is on the child, not the parent." *MJC*, ___ Mich App at ___; slip op at 9. Relevant considerations include:

> the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App 701, 713-714; 846 NW2d 61 (2014) (quotation marks and citation omitted).]

When a child is placed with a relative, the relative placement "is an explicit factor to consider" in the best-interests analysis. *In re Olive/Metts*, 297 Mich App 35, 43; 823 NW2d 144 (2012) (quotation marks and citation omitted). "The trial court's findings need not be extensive; 'brief,

definite, and pertinent findings and conclusions on contested matters are sufficient.' " *MJC*, ___ Mich App at ___; slip op at 10, quoting MCR 3.977(I)(1).

Respondent asserts that the court relied only on the no-contest plea and the opinions of the CPS investigators. The record does not support that assertion. While the court did consider the plea and investigators' views, it also relied on multiple other factors. The court also found that respondent's sexual abuse of SLHP demonstrated an inability to provide a safe environment; that the sexual abuse caused significant trauma and behavioral issues for SLHP; and that respondent's treatment of SLHP reflected how he might treat his other children.

The court further considered that the children were placed with their mothers, who were meeting their needs. It credited the opinions of CPS investigators and a Family Assessment Services clinician, all of whom concluded that termination was necessary to protect the children. It also evaluated the children's need for permanency, finality, and stability, concluding those needs could only be met through termination. In addition, the court considered the children's bonds with respondent, their expressed preferences, and the views of their mothers. Respondent's contention that the court relied solely on the plea and CPS opinions is therefore unpersuasive.

Respondent also contends that the court failed to consider the best interests of each child individually. The record again contradicts that claim. The court separately assessed each child. BCEP, JEZP, and JKP expressed a desire to maintain contact, but at ages five, eight, and nine, respectively, the court found them too young to appreciate the nature of the allegations. The court recognized AHGP's limited bond with respondent, noting minimal contact and a lack of active parenting. With respect to SLHP, the court acknowledged "some evidence of a bond" but concluded that bond had been undermined by "heinous" sexual abuse that caused enduring trauma. It found that it was unlikely SLHP would recover from the trauma caused by the abuse and that it was likely the other children could suffer such trauma from similar sexual abuse.[2]

On this record, the trial court's individualized findings were adequate, and its best-interests determination was not clearly erroneous.

## C. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, respondent contends that his trial counsel was ineffective for failing to call the children's mothers as witnesses.

The right to the assistance of counsel in criminal cases is guaranteed by both the Michigan and United States Constitutions. *In re Casto*, 344 Mich App 590, 611; 2 NW3d 102 (2022), citing Const 1963, art 1, § 20 and US Const, Am VI. "Given the nature of accusations and consequences in child-protective proceedings, this right has been extended to these civil proceedings." *Casto*, 344 Mich App at 611. "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *Id.* at 610 (citation omitted). This Court reviews

---

[2] Contrary to respondent's assertion, it was appropriate for the court to infer, under the doctrine of anticipatory neglect, that respondent's treatment of SLHP was indicative of how he would treat his other children. *In re Mota*, 334 Mich App 300, 322-323; 964 NW2d 881 (2020).

a trial court's factual findings for clear error and reviews questions of law de novo. *Id.* "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Id.* (citation omitted). When, as here, the ineffective assistance of counsel claim is unpreserved, this Court's review is limited to errors apparent on the record. *People v Spaulding*, 332 Mich App 638, 656; 957 NW2d 843 (2020).

To establish ineffective assistance, a respondent must show that "(1) counsel's performance was deficient, falling below an objective standard of reasonableness, and that (2) the deficient performance prejudiced the respondent." *In re Lovitt*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367124); slip op at 6 (citation omitted). To establish prejudice, a respondent "must show that but for counsel's deficient performance, a different result would have been reasonably probable." *Id.* (citation omitted). Trial counsel is presumed effective, "and a party claiming ineffective assistance bears a heavy burden of proving otherwise." *Id.* (citation omitted). Further, "[t]here is a strong presumption that trial counsel's decision-making is the result of sound trial strategy." *People v Isrow*, 339 Mich App 522, 532; 984 NW2d 528 (2021). When reviewing claims of ineffective assistance of counsel, this Court "cannot substitute its judgment for that of counsel's on matters of litigation strategy, and counsel's performance must be judged based on the knowledge, expertise, and information reasonably available when counsel formulated and implemented the litigation strategy." *In re Casto*, 344 Mich App at 612.

According to respondent, the children's mothers would have testified that termination was not in their children's best interests. That claim lacks a factual predicate. Testimony from CPS investigators established that: SLHP's mother supported termination; JKP's mother initially vacillated but ultimately agreed with termination if DHHS pursued it; and AHGP's mother opposed contact between her child and respondent if the sexual abuse allegations were found true. Only JEZP's and BCEP's mother opposed termination. Respondent has not produced affidavits or offers of proof showing that the mothers of SLHP, JKP, or AHGP would have testified in his favor. He therefore failed to establish the factual predicate for this claim of error as it pertains to those children. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

Even setting that aside, respondent has not shown deficient performance by counsel. The mothers' opinions were already before the court through CPS testimony and the admitted clinical evaluation report. It was reasonable for counsel to forgo cumulative testimony from the mother of JEZP and BCEP, and to avoid calling the other mothers, whose testimony would not have been favorable. This record supports the presumption that counsel's decisions were strategic.

Moreover, respondent cannot show prejudice. The trial court expressly considered the mothers' opinions in its best-interests findings, noting that the mothers of SLHP and JKP supported termination, while the mother of JEZP and BCEP did not. Despite that evidence, the court concluded that termination was in the children's best interests. Respondent has therefore failed to demonstrate a reasonable probability of a different outcome had the mothers testified directly.

Affirmed.

/s/ Matthew S. Ackerman
/s/ Michael J. Kelly